165 So.2d 742

**Willie SEALS, Jr.**

**v.**

**STATE of Alabama.**

**1 Div. 209.**

Supreme Court of Alabama.

June 18, 1964.

Vernon Z. Crawford, Mobile, and Martin R. Bradley, Jr., Buffalo, N. Y., for appellant.

Richmond M. Flowers, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

MERRILL, Justice.

This appeal is from an order denying a petition for a free transcript of the case in which petitioner was sentenced to a term of life in the penitentiary. The prayer of the petition was made "pursuant to (Title 15, Section 380(8))," which was repealed four and one-half months before petitioner's adjudication of guilt and over five months before this petition was filed. However, the trial court considered the case under the applicable and pertinent statute, Act No. 525, Acts of 1963, Vol. II, p. 1129, listed in

the pocket part of the 1958 Recompiled Code as Tit. 15, § 380(14) et seq.

Section 9 of Act No. 525, listed as Tit. 15, § 380(22), provides that, on appeals from orders denying the petition, the trial judge shall cause to be certified to the Supreme Court (in this case) "the file of the trial court in said proceedings to obtain a transcript and record, containing the petition and reports made in writing to the court, the reporter's estimate of the cost of the transcript, and the estimate of the clerk of his fees incident to an appeal, and a certified copy of the order or orders entered by the trial court, and other relevant papers pertaining to the petition, together with an opinion or statement of the trial court, as the trial court shall deem necessary."

All of the requirements of the statute relating to the contents of the file to be presented to this court have been met. It is possible that a transcript of the oral evidence taken on the petition would be helpful to us, but the statute does not require that it be included in the file. The petitioner, in brief, makes no point of the absence of the oral testimony, and we assume that the opinion of the trial court fairly states the evidence at the hearing. The opinion, after stating some preliminary facts, reads:

"The Court having set a hearing on the Motion for March 20, 1964, at which time the Defendant Willie Seals, Jr., was present with one of his attorneys, Honorable Vernon Z. Crawford, and the State of Alabama was represented by Honorable Carl M. Booth, State Solicitor, Mobile County, Alabama, and the Court having heard testimony and argument in support of and contrary to said Motion, and having taken same under consideration:

"The Court is of the opinion that the Petition refers to Title 15, Sections 380(1) to 380(13), when in fact that said provision has been amended by Act No. 525, approved September 16, 1963, as contained in Volume II, Acts of Alabama, 1963. The Court has allowed the amendment of said Petition to proceed under this Act.

"The mother of the Defendant has testified that she earns approximately $90 a month and that she owns her home on Railroad Street in Mobile County, Alabama. She further testified that she placed a $2,200 mortgage on this property in 1958, upon which there is a present indebtedness of approximately $1,440. The Court is of the opinion that this real estate would have a total value of approximately $3,500, giving a net equity of around $2,100. Mrs. Seals further testified that she would be willing to sell or mortgage this home if necessary to help her son. There was further testimony that the father of the Defendant draws a Social Security Check of $60 a month; that the Defendant has two brothers, ages twenty and forty, both of whom are in good physical health and one of whom owns his own home at 1250 Railroad Street in Mobile County, Alabama; that the Defendant has two married sisters, ages thirty and thirty-five, both of whom are employed.

"In addition to these relatives, there was testimony from Mr. John L. Leflore that he has served since 1959 as Chairman of a Citizen's Committee devoted to the Willie Seals Defense Fund. This Committee appears to be related to the Non-Partisan Voters League. This witness testified that since 1960 the Defense Fund has distributed a total of $9,346.64, including the following sums paid as fees or expenses of attorneys:

| | |
|---|---|
| Atty. Charles S. Conley, Montgomery, Ala. | $3,591.70 |
| Atty. Martin Bradley, Buffalo, N. Y. | 616.80 |
| Atty. Morton Stavis, Newark, N. J. | 1,100.00 |
| Atty. William Messing, New York, N. Y. | 260.00 |

Atty. Clarence E. Moses, Mobile, Ala.   100.00

Atty. J. C. Chestnut, Montgomery, Ala.   75.00

Atty. Vernon Z. Crawford, Mobile, Ala.   75.00

Total Paid to Attorneys   $5,818.50

"Mr. Leflore further testified that since the Defendant had been released from the death penalty and a life sentence imposed, the case seems to have lost some or most of its emotional value and that raising additional funds has become difficult. He did state that his Committee stands ready to do what is necessary to assist the Defendant.

"There was further testimony from a Court Reporter of this Judicial Circuit that the approximate expenses of reproducing the stenographic transcript would be $1,800; that the Reporter would be required to employ outside typists at an expense to the Reporter of several hundred dollars.

"The Court is of the opinion that the Petitioner has not proved that he is without sufficient funds and has no reasonable way to procure the same, to pay the Court Reporter all of his lawful fees for transcribing the evidence, and the Court is of the further opinion that the Motion is due to be denied. The Court is of the opinion that 'indigent' means destitute of property or means of comfortable subsistence; that where Defendant's mother is in possession of property easily convertible into approximately $2,000 in cash, Defendant is not an 'indigent person'. (Ex parte Mays, Tex.Cr.App., 212 S. W.2d 164, 167)."

We do not think Ex parte Mays, Tex. Cr.App., 212 S.W.2d 164, is strictly in point. There, the wife had "property easily convertible into approximately $1,000 in cash" and that, together with other facts, caused the court to say that "the record reflects the fact that this man was not too poor to employ counsel, as was known at the time" counsel was employed. We think there is considerable difference in the resources available to the wife of a convict, and those available to his mother, he being an adult as is petitioner in the instant case.

The test under our statute is whether the convicted defendant is indigent, in that he "is without sufficient funds, and has no reasonable way to procure the same," to pay for the transcript of the evidence on appeal and the fees of the clerk. Tit. 15, § 380(18), pocket part, 1958 Recompiled Code. In some cases, the financial ability of parents, brothers and sisters to help might be the determining factor, but their ability to help in the instant case is so limited as not to be the determining factor.

However, it is difficult to declare a convicted defendant indigent when he has had over $9,000 disbursed for his defense, including over $5,800 spent for attorneys' fees. It is also notable that the record discloses that he is represented here by attorneys of his own choice, one from Alabama and one from New York, and there was no request for the appointment of counsel on the ground that he was indigent.

The statute requires the court to "examine the defendant or petitioner under oath concerning the required averment in the petition that the defendant or petition is without sufficient funds, and has no reasonable way to procure the same," Sec. 380 (18); and the "burden shall be upon the convicted defendant or petitioner to satisfy the trial judge" of such fact; and if the trial judge is in doubt, "he shall deny [the] petition in whole or in part and state his reasons therefor," Sec. 380(19).

Based upon the record before us, the court's finding that "the Petitioner has not proved that he is without sufficient funds and has no reasonable way to procure the same" should be sustained.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.