168 So.2d 10
**Ex parte George R. PHILLIPS.**
**7 Div. 663.**

Supreme Court of Alabama.

Oct. 8, 1964.

George R. Phillips, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for respondent.

COLEMAN, Justice.

George R. Phillips applies for mandamus to require the Circuit Court of Shelby

County to "DESPOSE OF THE PETITION OR APPLICATION NOW BEFORE THAT HONORABLE COURT." Phillips states that he filed in said court a "MOTION TO ACQUIRE TRANSCRIPT," and that he is seeking to have said court "AWARD SAID PETITIONER A COPY OF THE TRANSCRIPT OF TRIAL." The contents of the motion now before the circuit court are not otherwise made known to us.

The state has filed a motion to dismiss the application for mandamus. The motion to dismiss rests on several grounds, among them being the ground that Phillips took an appeal from his conviction and the judgment was affirmed. Phillips v. State, 272 Ala. 216, 130 So.2d 822.

On his appeal, Phillips filed in this court a seventy-five page transcript. The clerk's certificate thereto recites ". . . . pages numbered from nine (9) to sixty-nine (69) both inclusive, contain the full transcript of the evidence, a (sic) certified by the Court Reporter." Thus it appears that Phillips has already received, several years ago, that which he now asks the circuit court to furnish him. Obviously, petitioner has no right to compel the circuit court to provide him with something which has already been furnished to him.

The state's motion to dismiss states as a ground: "For that time for filing petition for free transcript of proceedings in coram nobis hearing has lapsed. Act No. 525, General and Local Acts 1963, page 1129."

We are somewhat at a loss to understand how Phillips was able to obtain a hearing, in the circuit court, on petition for coram nobis. In Ex parte Phillips, 276 Ala. 282, 161 So.2d 485, this court dismissed Phillips' petition for leave to file a petition for writ of error coram nobis in the circuit court.

The rule in this state calls for a petition to this court, when the conviction has been here affirmed, for leave to petition the circuit court for writ of error coram nobis. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Ex parte Williams, 268 Ala. 535, 108 So.2d 454. In such a case, the absence of leave granted by this court is a bar to petitioner's filing such petition in the trial court.

Whether Phillips is now asking for a transcript of his original trial as his application indicates, or for a transcript of the hearing in circuit court on petition for writ of error coram nobis, as state's motion seems to indicate may be the case, he is not entitled to relief.

He is not entitled to transcript of original trial because he already has it, and is not entitled to transcript of hearing on petition for writ of error coram nobis because he was not entitled to the hearing. If, however, he did obtain from this court, in some manner which has not been brought to our attention, leave to file petition for coram nobis in the circuit court, and did file such petition in that court, and did have a hearing thereon, and now seeks a transcript of that hearing, he has, nevertheless, failed to show that he has complied, in any respect, with the requirements of Act No. 525, approved September 16, 1963; Acts of Alabama 1963, page 1129; which act provides for free transcripts for indigents on timely and appropriate application therefor.

Writ denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.