181 So.2d 892

**Ex parte William HITE.**

**3 Div. 187.**

Supreme Court of Alabama.

Jan. 6, 1966.

William Hite, pro se.

Richmond M. Flowers, Atty. Gen., for respondent.

SIMPSON, Justice.

The opinion heretofore entered in this cause on September 2, 1965, is hereby withdrawn.

Since the filing of the Court's original opinion the Clerk of the Circuit Court of Montgomery County has certified to this Court a copy of an order of the lower court here sought to be reviewed. The order reads as follows:

| "WILLIAM A. HITE | |
|---|---|
| Petitioner | IN THE |
| VS. | FIFTEENTH JUDICIAL CIRCUIT |
| STATE OF ALABAMA | MONTGOMERY COUNTY, ALABAMA |
| Respondent | |

ORDER

"This cause coming on to be heard is submitted for order and decree on petition for free transcript. The court having read and understood the petition for free transcript and it appearing from the records of the court that petitioner had representing him at his trial, for which he now seeks a free transcript, an attorney employed by or for him and not appointed by the Court, is of the opinion that the petition is not well taken and that the free transcript should not be granted. It is therefore,

"ORDERED, ADJUDGED and DECREED by the Court that the petition for free transcript is hereby denied and that the costs of these proceedings be taxed against the petitioner.

"Done this 20th day of April, 1965.

Richard P. Emmett,

Circuit Judge"

■ It is apparent from this order that the trial court, in effect, denied the petitioner a free transcript because he failed to prove his indigency. The order is a final one that will support an appeal. Seals, Jr. v. State of Alabama, 276 Ala. 654, 165 So.2d 742.

It further appears that the trial court did not consider the defendant an indigent for he ordered that his petition for free transcript be denied and that the cost of the proceedings be taxed against the petitioner.

The only evidence in this court as to the indigency of the petitioner is to be found in the affidavit attached to and made a part of his petition for mandamus, which reads as follows:

*"AFFIDAVIT IN FORMA PAUPERIS*

"William Hite, a citizen of the United States, being sworn on oath as required by law, deposes and says, he prepared the foregoing petition for writ of mandamus which he now seeks to file in good faith.

"Because of his poverty he cannot pay the cost of filing, or give security for same.

"He would therefore ask that he be allowed to file same without prepayment of cost, etc.

/s/ William A. Hite

WILLIAM HITE
Kilby Prison
Montgomery, Alabama

"Subscribed and sworn to before me this 13 day of April, 1965.

/s/ Elzie Moody

NOTARY PUBLIC

"My commission expires 3–14–67."

In the posture of the case as it now stands, we are being petitioned to issue the extraordinary writ of mandamus to the Circuit Judge to set aside a valid and final order, on nothing more than the affidavit of the petitioner wherein he states:

"Because of his poverty he· cannot pay the cost of filing, or give security for same.

"He would therefore ask that he be allowed to file same without prepayment of cost, etc."

This quoted language could be construed to apply only to the filing of the petition for mandamus in this Court but we will give it a wider latitude and assume that the petitioner did or could have made an affidavit that he is unable financially to pay the cost of perfecting the record on appeal from the denial of his coram nobis.

■ Matters of this nature should first be tried and determined in the lower court and if the defendant be aggrieved by an adverse ruling as to his indigency he can perfect his appeal from such order and this Court will review the action of the trial court based on all the evidence but not by mandamus supported only by an ex parte affidavit of a defendant.

It results that the petition is due to be denied.

Petition denied.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.