190 So.2d 285

### Ex parte Elbert L. WADE.

### Misc. No. 100.

Supreme Court of Alabama.

Sept. 15, 1966.

Elbert L. Wade, pro se.

Richmond M. Flowers, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

LAWSON, Justice.

This is an original petition filed in this court by Elbert L. Wade, an inmate of a penal institution of this state. The petition alleges that Wade was convicted in the Circuit Court of Jefferson County of the offense of burglary and "other sundry charges"; that Wade filed a petition for habeas corpus in the Circuit Court of Montgomery County; that the writ was granted, but after a hearing the court adjudged that Wade was not entitled to his discharge; that thereafter Wade filed a written notice of appeal to the Court

of Appeals of Alabama; that Wade was "erroneously and unconstitutionally deprived from seeking an appellate review of the Montgomery County Circuit Court's denial of habeas corpus relief, inasmuch as the Clerk of the Montgomery County Circuit Court, Honorable John R. Matthews, in an usurpation of lawful authority delegated to his office; arbitrarily and unconstitutionally would not take judicial notice or recognition of an affidavit in forma pauperis and permit the petitioner in good faith, to seek an appellate review under the provisions of General Act No. 525, 1963 Alabama Legislature Regular Session * * *."

The petition filed here prayed that this court issue a writ of habeas corpus. We declined to do so, but proceeded to issue an alternative writ of mandamus to Honorable John R. Matthews, the Clerk of the Circuit Court of Montgomery County, demanding him to furnish to Wade a free transcript of the proceedings before the Circuit Court or to appear in this court and show cause why he should not do so. Mr. Matthews has filed a motion to quash and set aside the alternative writ or rule nisi. We are clear to the conclusion that the alternative writ or rule nisi was improvidently issued and that the motion to quash and set aside the alternative writ or rule nisi should be granted.

The petition filed by Wade fails to show that he has complied in any respect with the requirements of Act 525, approved September 16, 1963, Acts of Alabama 1963, p. 1129, which act provides for free transcripts for indigents on timely and appropriate application therefor. Ex parte Phillips, 277 Ala. 167, 168 So.2d 10.

Matters of this nature should first be tried and determined in the lower court and if the defendant be aggrieved by an adverse ruling, he can perfect his appeal from such order and this court will review the action of the trial court based on all the evidence, but not by mandamus supported only by an ex parte af-fidavit of a defendant. Ex parte Hite, 279 Ala. 78, 181 So.2d 892.

It results that the alternative writ of mandamus heretofore issued is set aside. The petition for writ of habeas corpus is denied.

Alternative writ of mandamus set aside; petition for writ of habeas corpus denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.