190 So.2d 720

William A. WILSON

v.

STATE of Alabama.

3 Div. 245.

Supreme Court of Alabama.

Oct. 6, 1966.

Ira DeMent, Montgomery, for appellant-petitioner.

David W. Crosland, Dist. Atty., for appellee-respondent.

SIMPSON, Justice.

 This is a proceeding to have defendant below furnished with free transcript on appeal from a conviction of robbery and for appointment of counsel. The matter is presented to us by appeal and in the alternative by petition for mandamus. Appeal is the proper method of review. Ex parte Hite, 279 Ala. 78, 181 So.2d 892; Seals v. State, 276 Ala. 654, 165 So.2d 742; Ex parte Wade, Ms., Ante p. 92, 190 So.2d 285 (Sept. 15, 1966).

The petition presented to the trial judge stated that defendant desired to take an appeal under the provisions of Code, Title 15, §§ 380(14)–380(25); that defendant was charged with robbery, pleaded not guilty, was found guilty and sentenced to 25 years imprisonment; that defendant is without sufficient funds and has no reasonable way to procure same to pay the court reporter all of his lawful fees for transcribing the evidence and other proceedings had at the trial of said cause, or fees of the clerk for preparing the record. Embraced in the petition is a specification of alleged errors committed by the court on the trial. The prayer is for a hearing on the petition, to show by him under oath that he is without sufficient funds to pay for the transcript of the record, and will require the reporter and the clerk to prepare such record. The petition is supported alone by affidavit of petitioner.

There is appended a petition for appointment of counsel to represent petitioner on appeal. This is likewise supported alone by affidavit of petitioner that he is unable to hire counsel. There appears no other evidence or verification by or for petitioner of his alleged financial inability to obtain a transcript or hire counsel. Petitioner did procure estimates of the cost of preparing the transcript which was shown to be somewhere between $150.00 and $170.00.

The order of the trial court in pertinent part is as follows:

"This cause coming before the Court on the petition for transcript and petition for appointment of counsel and the Petitioner, William A. Wilson, being physically present with his attorney, Ira DeMent, and the State of Alabama being represented by D. W. Crosland, District Attorney for this Judicial Circuit, the Court proceeded to take testimony in support of said petitions.

"* * * The Court further finds that Ira DeMent was retained as counsel for the Petitioner and that he was paid a fee of one thousand dollars to represent the Petitioner; that this money was paid to said attorney by an aunt of the Petitioner; that a relationship between Petitioner and his aunt is more of a mother-son rather than an aunt-nephew relationship; that the petitioner had not talked to his aunt about paying for the expenses of an appeal; that at the time of his arrest, the Petitioner was working in Birmingham and had a four hundred dollar equity in a 1961 Chevrolet Corvair automobile and that said automobile at the time of his arrest was turned over to his girl friend, who was a co-signer or endorser of the note with which the automobile was financed; that the Court records show that some five hundred dollars was taken from the Defendant

at the time of his arrest and that this money was introduced into evidence over the objection of the Defendant as set out in the petition in Paragraph 11(f); that the said Ira DeMent prepared the petitions presently before the Court for the Petitioner as his attorney and does at this time represent him.

"The Court is of the opinion and does hereby find that said Petitioner is not an indigent person within the meaning of the statutes providing for free transcript on appeal and for the appointment of an attorney for the purposes of perfecting said appeal. It is, therefore,

"ORDERED, ADJUDGED AND DECREED that said petitions for a transcript and for the appointment of an attorney be, and the same are hereby, denied."

In Seals v. State, 276 Ala. 654, 165 So.2d 742, supra, we sustained the order of the court denying a free transcript. On appeal to the United States Supreme Court the judgment of this court was reversed, the federal court issuing only a memorandum stating that appellant was entitled to a free transcript. Seals v. State of Alabama, 380 U.S. 254, 85 S.Ct. 943, 13 L.Ed.2d 818. One may only surmise the reason or rationale for this order. In our case we proceeded upon the facts developed on the hearing that there was in operation a Citizen's Committee devoted to defense of appellant Seals, which had collected several thousand dollars, much of which had been disbursed by the Committee. We expressed inability to declare a defendant indigent who had had over $9,000.00 disbursed for his defense. This case, however, is different from the Seals case. So far as we can tell, Wilson offered no evidence of indigency. The burden as to this rested upon him. There is nothing to refute the finding of over five hundred dollars on his person or to reflect upon his gift of his interest in the automobile to his "girl friend". Likewise there is

nothing to show that attorney DeMent's retainer expired with his services on the trial. On the contrary the order of the trial court recites that this attorney prepared the instant petition "and at this time represents him."

We find no reason to disturb the order appealed from. It is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.