245 So.2d 829

**Johnny ORUM**

v.

**STATE.**

**3 Div. 32.**

Court of Criminal Appeals of Alabama.

Nov. 17, 1970.

Rehearing Denied Jan. 26, 1971.

---

Morris Dees, Jr., Joseph J. Levin, Jr., Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

First degree burglary: sentence, 10 years. Code 1940, T. 14, § 85.

The only evidence to connect Orum with the breaking and entering was the discov-

ery of what later turned out to be the print of one of his fingers on a pane of glass which had been removed from a window. That same night the sheriff got bloodhounds from Kilby Prison. The dogs tracked through the countryside near the burglarized house and went to a number of houses, including that in which Orum lived with his mother.

■ A day or so later the sheriff sent deputies out to bring in Orum and four other suspects for fingerprinting. This detention was characterized by all of the State's witnesses as not being "an arrest." However, the proof as to whether or not Orum voluntarily accompanied the deputies is substantially lacking.

In Davis v. Miss., 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676, it was said:

> "Detentions for the sole purpose of obtaining fingerprints are no less subject to the constraints of the Fourth Amendment. * * *."

■ Although the defendant's motion to suppress the evidence was improperly worded insofar as the prayer was concerned, nevertheless appropriate objection was made before the crucial evidence was presented to the jury. We hold that the defendant's record was protected in this aspect.

Accordingly, the judgment below is due to be reversed and the cause remanded for trial de novo.

Reversed and remanded.

## On Rehearing

On original deliverance we ignored the State's motion to strike the evidence because of alleged late filing in the circuit court.

The judgment was rendered June 4, 1969. New trial was moved June 11; denied July 16.

Petition for a free transcript was filed July 16; denied July 21, apparently on the same grounds as in Seals v. State, 276 Ala. 654, 165 So.2d 742.[1]

The request for a free transcript—for aught appearing—was made in good faith. The pendency of the proceeding worked to extend the time given to get up the transcript of evidence under Michie's 1958 Code, T. 7, § 827(4).

Thus, when the defendant gave notice to the court reporter on July 21, this was the earliest date consistent with his earlier petitioning for an indigent's transcript.

September 19 became the final date for the court reporter to file his transcription of the evidence with the circuit clerk. Actually, it was not there filed until September 26.

Later the appellant moved the court to extend the time to let the late filing be shown as within the "cause" set forth in the Act. See T. 7, §§ 827(1a) and 827(4); Johnson v. State, 40 Ala.App. 39, 111 So.2d 614.

■ From the testimony of the court reporter on a hearing of the motion to extend it appears that the work of transcribing other cases delayed the transcript sub judice. This was good cause to extend.

■ The court reporter is under an affirmative duty to file the transcript with the circuit clerk, § 827(4), supra. It is only after the circuit clerk completes the record, including the evidence, that the duty of counsel to get the record to the appellate court begins.

Therefore the judgment must be reversed. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

---

1. On certiorari in Seals v. Ala., 380 U.S. 254, 85 S.Ct. 943, 13 L.Ed.2d 818, the court said, in part:
   "The Court is of the view that on the record the petitioner is an indigent.

**546**

True, under the majority view of the Supreme Court in Johnson v. State, 269 Ala. 1, 111 So.2d 610, counsel needs to keep some track of the court reporter's progress. But even under the more rigid view of the minority, the appellant in this case moved for an extension of time for the testimony to be filed with the circuit clerk well within the ninety days from the overruling of the motion for new trial.

We consider that cause, indeed good cause, was shown to the court below to grant an extension of time.

Additionally the State's motion to strike the evidence is premised on the transcript thereof not being filed with the circuit clerk until October 14, 1969. This date is correct only for the transcript of the evidence relating to the motion to extend the time which motion was heard October 2, 1969. The trial transcript was in the clerk's office September 26.

The State's motion was not well taken. The application for rehearing is

Overruled.