CLARK, Retired Circuit Judge.
Appellant was convicted of burglary of a motor vehicle and sentenced to imprisonment for four years, in accordance with Ala.Code 1975, § 13-2-42.
Appellant urges that the evidence was insufficient to support the verdict. He does not question the fact that there was substantial evidence that the particular automobile was broken into and entered and that a knife was stolen therefrom, but he says there is’ no evidence to show that the knife, or a similar knife, was -in the possession of defendant soon after the burglary.
While James Hogeland, a security guard for Cooper Green Hospital, in Jefferson County, had parked his automobile at the hospital on March 19, 1978, it was broken into and entered and Mr. Hogeland’s knife was taken therefrom. About 5:30 P.M., after the automobile had been broken into and entered and the knife taken therefrom, Mr. Hogeland saw the knife in the possession of a Birmingham police officer at the Security Office of the Hospital. His testimony was as follows:
“Q Who all was present when you saw this other — your pocket knife?
“A Officer Boykin and I believe Officer Moon, I am not sure which one of the officers had it.
“Q But a Birmingham police officer but you are not sure which one?
“A Yes, sir.
“Q Who showed you the knife?
“A A Birmingham police officer took it out from under his belt.”
Officer Randall Pate, of the Birmingham Police Department, testified that about 5:30 P.M. on March 19, 1978, he observed a security officer of the Cooper Green Hospital was pursuing defendant as defendant ran inside the Children’s Hospital. The witness took part in the arrest of defendant and testified further as follows:
“Q While you were there did you have occasion to see a pocket knife?
“A Yes, sir.
“Q Where did you first see a pocket knife, please?
“A We were escorting him out of the hospital and I was searching him as we were doing so, I took it out of his pocket. “Q Which pocket did you take it out of, if you recall?
“A I really don’t recall which pocket I took it out of.
*383 “Q When you say you showed it to the security guard, was it Mr. Hogeland or Mr. Boykins?
“A Mr. Hogeland.”
As indicated above, the testimony shows that the particular knife taken from Mr. Hogeland’s automobile was in the possession of defendant soon after the burglary, and appellant’s contention on the point is not well taken. There was other circumstantial evidence of defendant’s guilt. The defendant’s motion to exclude the evidence was properly overruled and defendant’s requested affirmative charge in his favor was properly refused.
The State made an aborted effort to show that fingerprints lifted from the automobile matched the fingerprints of defendant. In attempting to do so it called an officer as a witness to testify as to fingerprints made by him of defendant at the city jail in February, 1978, after defendant was arrested and confined in the jail for a crime unrelated to the alleged crime in this case. Counsel for defendant strenuously objected to such testimony and cited in support of his objection the opinion of this Court in Orum v. State, 46 Ala.App. 543, 245 So.2d 829, writ denied, 286 Ala. 679, 245 So.2d 831 (1971).
In Orum v. State, supra, it was held that an official detention of a suspect for the sole purpose of obtaining fingerprints is inhibited by the Fourth Amendment and that fingerprinting evidence so obtained is not admissible in evidence. The case before us is clearly distinguishable from Orum. In Orum there had been no arrest; in the instant case an arrest had been made.
Appellant now complains that the admission of the evidence of the officer who testified as to the February fingerprints was in violation of the exclusionary rule as to evidence of other crimes. This was not a ground of the objection made in the trial court. Even so, the evidence at the time of the objection was not subject to an objection on the ground now urged. It is clear that the evidence pertained to the identity of defendant and constituted an exception to the general exclusionary rule. Such exception to the general rule has recently been splendidly treated by Judge Harris, now presiding Judge Harris, in Breen v. State, Ala.Cr.App., 349 So.2d 113 (1977).
Another officer of the Birmingham Police Department testified that she lifted fingerprints from the burglarized automobile the day of and soon after the burglary. She was examined and cross-examined at length. After she was excused as a witness and after the jury was excused for lunch, there was a conference among the trial judge and attorneys for the parties, in which it developed that by reason of the uncertainty of the witness as to the identity of the person whose fingerprints he had taken while defendant was in jail in February, the State did not plan to attempt to show that the fingerprints taken in February matched the fingerprints lifted from the burglarized automobile. It further developed that no fingerprints had been taken of the defendant subsequent to his arrest in the instant case. At the request of State’s counsel, the court stated that when the defendant went back to jail at the noon recess, “I am going to let them take his fingerprints,” for the purpose of comparison by a fingerprint expert with the fingerprints taken from the burglarized automobile.
Upon return from the noon recess, counsel for the State made it known to the court that defendant refused to be fingerprinted. The trial of the case then proceedéd through the completion of the evidence without any further reference to fingerprints in the presence of the jury.
Among the written charges given at the request of defendant was the following:
“X The Court charges the jury that you cannot consider any evidence as to the fingerprints testified by the state’s witness.”
The fiasco of the State’s effort to show a matching of fingerprints of defendant with fingerprints found on the burglarized automobile was unfortunate and resulted in a considerable loss of time in the judicial *384 process, but we do not understand that any contention was made on the trial, or that any contention is made now, that the futile effort caused any harm to defendant.
We have found no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.