The appellant, Dale Shawn Adams, was convicted of violating four City of Pelham *Page 56 
ordinances that incorporate Alabama Code violations: driving under the influence of alcohol in violation of §32-5A-191(a)(2), Code of Alabama 1975; possession of marijuana in violation of § 13A-12-214, Code of Alabama 1975; operating a motor vehicle with improper equipment (no taillights) in violation of § 32-5-240(c)(1), Code of Alabama 1975; and possession of drug paraphernalia in violation of § 13A-12-260, Code of Alabama 1975.
On the conviction for driving under the influence, the appellant was sentenced to 30 days in jail. This sentence was suspended and the appellant was placed on 12 months' probation. On the conviction for possession of marijuana, the appellant was sentenced to 12 months in jail. This sentence was suspended and the appellant was ordered to serve 30 days in the Shelby County work release center on weekends. On the conviction for operating a motor vehicle with improper equipment, the appellant was fined $10 and was ordered to pay costs. On the conviction for possession of drug paraphernalia, the appellant was sentenced to 12 months in jail. This sentence was suspended and the appellant was ordered to serve 30 days in the Shelby County work release center on weekends.
 I
The appellant contends that the court erred in refusing to appoint counsel to represent him at trial. Only those criminal defendants who are determined to be indigent are entitled to court-appointed counsel. Rule 6.1, Ala.R.Crim.P. A criminal defendant has the burden of proving to the court that he is indigent and, thereby, is entitled to court-appointed counsel.Wilson v. State, 190 So.2d 720, 280 Ala. 167 (1966).
Initially, the appellant retained counsel in this matter. The appellant's retained counsel filed a motion to withdraw on March 15, 1994, because the appellant had not paid him. The court granted counsel's motion to withdraw on April 5, 1994.
On April 18, 1994, in an attempt to acquire court-appointed counsel, the appellant submitted an "affidavit of substantial hardship." In his affidavit, the appellant stated that his and his wife's combined "take home pay" was $1,200 a month, that his two automobiles were worth $3,000, and that his monthly expenses totaled $819. The court, on the same day, denied the appellant's request for appointed counsel and proceeded with the appellant's trial.
"The determination of indigency sufficient to require the appointment of trial counsel rests within the discretion of the trial judge." Warren v. City of Enterprise, 641 So.2d 1312,1315 (Ala.Cr.App. 1994). Based on the information in the appellant's "affidavit of substantial hardship," the court did not abuse its discretion in holding that the appellant was not indigent.
 II
The appellant also contends that the court erred in receiving testimony concerning statements he made to police officers before he was advised of his Miranda rights. Miranda v.Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The appellant did not object at trial to the testimony concerning these statements. "An issue that was not timely raised at trial will not be considered on appeal. Even constitutional issues must first be correctly raised in the trial court before they will be considered on appeal." Hansenv. State, 598 So.2d 1, 2 (Ala.Cr.App. 1991). (Citations omitted.) The appellant has not preserved this issue for appellate review.
Even if the appellant had preserved this issue by objecting to the testimony concerning his statements, this issue would be decided adversely to him on the merits. The appellant's statements were made during routine questioning during a traffic stop. Routine questioning during a traffic stop investigation does not require that Miranda rights be given.Britton v. State, 631 So.2d 1073 (Ala.Cr.App. 1993); see alsoStansbury v. California, ___ U.S. ___, 114 S.Ct. 1526,128 L.Ed.2d 293 (1994); Berkemer v. McCarty, 468 U.S. 420,104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).
The court did not err in receiving testimony concerning statements the appellant made *Page 57 
to police officers during their investigation of a routine traffic stop.
For the foregoing reasons, the appellant's convictions are affirmed.
AFFIRMED.
All the Judges concur.