115 So.2d 670

Gerald C. PAYNE

v.

STATE.

7 Div. 584.

Court of Appeals of Alabama.

Nov. 10, 1959.

Frank B. Embry, Pell City, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

The State has filed a motion to strike the record in this cause because the same was not filed with the clerk of this court within the time required by law.

Upon full consideration of this motion, we conclude it should be, and it is hereby denied.

This appellant has been adjudged guilty of possessing a still.

The evidence introduced by the State tended to show that two law enforcement officers, attracted by a light, located a still, or nearly complete still, in St. Clair County.

They secreted themselves 75 to 100 feet from the still and observed two men at the still. One was placing containers under the still, the other was on top pouring what appeared to be a bag of sugar in the tank. When this work was completed the men walked up a path within a few feet of the officers and were caught and arrested.

Proceeding to the still site the officers found a partially assembled still, with a vat of 800 gallon capacity already charged with mash.

Both officers testified that the articles they found were of a kind suitable for and generally used in the manufacture of alcoholic beverage.

This scene, the officers testified, was in the northern division of St. Clair County.

At the conclusion of the State's case the appellant moved to exclude the evidence and grant him his discharge on the grounds that no ownership nor possession of the still in the appellant had been proven, and that the still as found could not in its then condition produce whisky.

The motion was overruled.

The only evidence presented by the appellant was the testimony of several character witnesses who affirmed appellant's good reputation.

In his brief counsel for appellant asserts as error the action of the court in overruling appellant's motion for a new trial.

One ground of the motion asserted error in the refusal of appellant's requested charge affirmative in nature.

The basis of counsel's argument in this connection is that the charge should have been given because of the State's failure to prove venue.

This argument is without merit.

In the first place the officers testified they arrested appellant within 75 to 100 feet of the still at which they observed him and his companion working, and that the place of arrest was in the northern division of St. Clair County. Clearly the still was in St. Clair County, or within a quarter of a mile of the county line. This would give St. Clair County jurisdiction even had the still been over the county line. We note, however, there is no evidence that the still was even near the county line.

Secondly, it affirmatively appears that no insistence was made in the trial below that venue was not proven.

A trial court will not be put in error on the question of venue unless it appears upon appeal that an alleged omission as to proof of venue was brought to the attention of the trial court before the argument of the case is concluded. Circuit Court Rule 35, Tit. 7, page 1036, Code of Alabama 1940.

Other grounds were asserted in appellant's motion for a new trial. We have examined all such grounds and find they are so palpably without merit that no discussion is warranted.

The evidence presented by the State was ample in its tendencies to support the verdict and judgment rendered and entered, and certainly so when read in light of Sec. 132, Tit. 29, Code of Alabama 1940, providing that the unexplained possession of any part of any still, apparatus, or appliance, commonly or generally used for, or suitable to be used in the manufacture of prohibited liquors and beverages shall be prima facie evidence of violation of Section 131, supra, making it unlawful to possess a still to be used for the purpose of manufacturing prohibited beverages.

Affirmed.