174 So.2d 689

**Ex parte William HABLE.**

**4 Div. 148.**

Supreme Court of Alabama.

April 22, 1965.

William Hable, pro se.

Richmond M. Flowers, Atty. Gen., for respondents.

COLEMAN, Justice.

This case was assigned to the writer on the 12th day of April, 1965.

This proceeding will be treated as a petition for mandamus to require the Judge of the Circuit Court of Geneva County to cause the clerk and reporter of that court to prepare and transmit to this court a complete transcript of the proceedings, including testimony, had in the Circuit Court of Geneva County on the hearing and denial of a petition for writ of error coram nobis which was filed in that court by the petitioner, William Hable.

The papers before us disclose the following situation. On April 20, 1962, petitioner sent to the Clerk of the Supreme Court a document denominated Brief and Argument In Support of Appeal from the Circuit Court of Geneva County, Alabama. The brief states that petitioner was convicted in the Circuit Court of Geneva County of murder in first degree on November 25, 1957, and sentenced to life imprisonment; that on March 14, 1962, petitioner filed in the Circuit Court of Geneva County a petition for writ of error coram nobis; and, that on April 10, 1962, the circuit court denied said petition without a hearing.

On April 17, 1962, petitioner filed in the circuit court notice of appeal to the Supreme Court.

On April 23, 1962, the Clerk of the Supreme Court sent to petitioner a letter advising him that the brief had been received, but that no certificate of appeal or transcript had been received.

On June 28, 1962, petitioner sent to the clerk of this court a letter inquiring for information on his appeal.

On July 2, 1962, the clerk wrote to petitioner, advising him that there is no provision for furnishing a transcript on post appeal review of convictions.

On July 31, 1962, petitioner again wrote to the clerk of this court requesting information.

On August 2, 1962, the clerk again wrote to petitioner, citing Allison v. State, 273 Ala. 223, 137 So.2d 761.

On September 12, 1962, petitioner filed in this court his petition praying that he be allowed to proceed in forma pauperis in this cause, and that mandamus issue to the Circuit Court of Geneva County, so that petitioner be not deprived of his right of equal protection guaranteed by the Constitution of the United States.

On September 21, 1962, the attorney general, on behalf of the state, filed a motion to dismiss the petition for mandamus on the several grounds that:

1. It appears from the affidavit of the Clerk of the Circuit Court of Geneva County, attached to the motion, that said clerk is forwarding to the supreme court such papers as are necessary to perfect petitioner's appeal from the judgment denying his petition for writ of error coram nobis.

2. It affirmatively appears that the aforesaid action by said clerk in sending said papers renders moot the petition for mandamus.

Attached to the state's motion is the affidavit of the clerk of the circuit court. The affidavit recites:

"That on to-wit, the 8th day of April, 1962, one William Hable filed a Notice of Appeal to the Supreme Court in the above styled cause; that said Notice of Appeal was properly filed by the affiant but through inadvertence was placed in the improper office file; that the affiant has discovered on the day of this affidavit, to-wit, September 19, 1962, the error in the filing of said Notice of Appeal.

"Affiant further avers that he is forthwith forwarding to the Supreme Court of Alabama the necessary papers to perfect such appeal."

On September 24, 1962, a paper entitled "Certificate of Appeal" was filed in this court. The certificate recites:

"I, W. R. Draughon, Clerk of the Circuit Court of Geneva County, Ala-

bama (33rd Judicial Circuit of the State of Alabama), do hereby certify that in the above entitled cause, the following appears of record in said Court, viz:

"1. Affidavit in Forma Pauperis, Certificate of Service and Petition for Writ of Error Coram Nobis were filed on the office of the Clerk of the Circuit Court on March 16, 1962.

"2. Petition for Writ of Error Coram Nobis denied by the Court by decree of April 10, 1962, and filed in the office of the Clerk of the Circuit Court on April 11, 1962.

"3. Affidavit in Forma Pauperis and Notice of Appeal to the Supreme Court of Alabama filed in the office of the Clerk of the Circuit Court on April 18, 1962.

"WITNESS my hand and the Seal of said Circuit Court, this the 19th day of September, 1962."

On September 30, 1963, the Clerk of the Supreme Court wrote to the Clerk of the Circuit Court, advising that the certificate filed September 24, 1962, had been received, but that no transcript had been received.

No other paper is before us now.

This court, on February 7, 1963, in an opinion by the instant writer, held that on appeal from judgment denying relief in a proceeding for writ of error coram nobis, the prisoner was not entitled to a free transcript of the evidence, and that although Act No. 62, approved September 15, 1961, provided for free transcript of evidence on appeal in criminal prosecution, no provision had been made for free transcript on appeal in a post appellate attack on the judgment of conviction. Cooper v. State, 274 Ala. 471, 149 So.2d 834.

The Supreme Court of the United States reversed us. Cooper v. Alabama, 375 U.S. 23, 84 S.Ct. 84, 11 L.Ed.2d 43. Our judgment was vacated and the cause was remanded for further consideration in light of Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892.

In Lane v. Brown, supra, Brown had been convicted in Indiana. Brown filed in the state court a petition for writ of error coram nobis. After a hearing, at which Brown was represented by the Public Defender, the state court denied relief. Brown requested an appeal to the Indiana Supreme Court. His request was refused because of the Public Defender's stated belief that an appeal would be unsuccessful. Brown next applied to the state trial court for a transcript of the coram nobis hearing. This application was denied.

Brown finally applied to the federal district court for habeas corpus. His petition alleged that he had been denied equal protection of the law " . . . . ' . . . in that he was effectively denied an appeal from the Order . . . . denying his petition for writ of error coram nobis because of his poverty and inability to secure a transcript, which right of appeal is available to all defendants in Indiana who can afford the expense of a transcript.' . . . ." The district court held that the State of Indiana had denied Brown equal protection, and ordered that Brown be given full, appellate review of "his Coram Nobis denial." Upon failure of Indiana to provide such a review, the district court ordered Brown's discharge from custody. The court of appeals, 7 Cir., 302 F.2d 537 affirmed the district court, 196 F. Supp. 484.

The Supreme Court of the United States remanded the cause to the district court so that appropriate orders might be entered ordering Brown's discharge unless Indiana provided him an appeal on the merits to the Supreme Court of Indiana from the denial of the writ of error coram nobis. The United States Supreme Court said:

"In Griffin v. [People of the State of] Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, the Court held that a State with an appellate system which made available trial transcripts to those who could afford them was constitutionally required to provide 'means of affording adequate and effective appellate review to indigent defendants.' Id., at 20, 76 S.Ct. [585] 591. 'Destitute defendants,' the Court held, 'must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.' Id., at 19, 76 S.Ct. [585] 591. In Burns v. [State of] Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209, involving a $20 fee for filing a motion for leave to appeal a felony conviction to the Supreme Court of Ohio, this Court reaffirmed the Griffin doctrine, saying that 'once the State chooses to establish appellate review in criminal cases, it may not foreclose indigents from access to any phase of that procedure because of their poverty. . . . This principle is no less applicable where the State has afforded an indigent defendant access to the first phase of its appellate procedure but has effectively foreclosed access to the second phase of that procedure solely because of his indigency.' Id., at 257, 79 S.Ct. [1164] 1168. In Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39, the Court made clear that these principles were not to be limited to direct appeals from criminal convictions, but extended alike to state post-conviction proceedings. 'Respecting the State's grant of a right to test their detention,' the Court said, 'the Fourteenth Amendment weighs the interests of rich and poor criminals in equal scale, and its hand extends as far to each.' Id., at 714, 81 S.Ct. [895] 898. In Eskridge v. Washington [State Board of Prison [Terms and Paroles] Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269, the Court held invalid a provision of Washington's criminal appellate system which conferred upon the trial judge the power to withhold a trial transcript from an indigent upon the finding that 'justice would not be promoted . . . in that defendant has been accorded a fair and impartial trial, and in the Court's opinion no grave or prejudicial errors occurred therein.' Id., at 215, 78 S.Ct. [1061] 1062. There it was said that '[t]he conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript.' Id., at 216, 78 S.Ct. [1061] 1062.

"The present case falls clearly within the area staked out by the Court's decisions in Griffin, Burns, Smith, and Eskridge. To be sure, this case does not involve, as did Griffin, a direct appeal from a criminal conviction, but Smith makes clear that the Griffin principle also applies to state collateral proceedings, and Burns leaves no doubt that the principle applies even though the State has already provided one review on the merits." (372 U.S. at pages 483, 484, 485, 83 S.Ct. 772, 773)

In compliance with the doctrine declared by the United States Supreme Court, the Legislature passed Act No. 525, approved September 16, 1963, Acts of 1963, page 1129; which recites in part:

"Section 1. . . . . It is the purpose of this act to provide such defendants or petitioners with a transcript of the evidence or a part thereof and a record for a proper and equal review in certain criminal cases and such other cases wherein it is made to appear that a convicted defendant is indigent and desires to take an appeal and obtain a judicial review of matters that occurred at his trial, or hearing.

"Section 2. This act shall apply to all criminal cases tried in the courts of the State of Alabama where a direct appeal to the Supreme Court or Court of Appeals is provided by law; also to all related or collateral proceedings, including habeas corpus and coram nobis proceedings, involving the life, liberty or property of a person convicted of a criminal offense where an appeal is provided to the Supreme Court or Court of Appeals."

See Pocket Parts, Code 1940, Recompiled 1958, Title 15, § 380(14) et seq.

In the case at bar, at the time appeal was taken, there was no provision for free transcript. The appeal appears to have been taken within time. The state makes no assertion to the contrary. Under the doctrine declared in the judgments of the United States Supreme Court, to fail to provide petitioner, Hable, with free transcript is to deny him equal protection of the law. Act No. 525 appears to recognize this and remedy the situation. We are of opinion that petitioner is entitled to a full transcript to be filed in this court. Although the state's motion asserts that petitioner has been assured by the clerk of the relief prayed for, no transcript has been filed. The state's motion to dismiss, therefore, is due to be and is denied.

Let rule nisi issue to the Judge of the Circuit Court of Geneva County ordering him to cause to be prepared and transmitted to this court a complete transcript of the proceedings had in the circuit court on petitioner's petition for writ of error coram nobis, or to appear in this court within thirty days and show cause why he should not do so.

Motion denied.

Rule nisi issued.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.