194 So.2d 842

**William Richard EAGEN**

v.

**STATE of Alabama.**

**3 Div. 262.**

Supreme Court of Alabama.

Feb. 2, 1967.

D. Coleman Yarbrough, Montgomery, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

**440**

MERRILL, Justice.

This is a petition for writ of error coram nobis filed by William Richard Eagen in the Circuit Court of Montgomery County to set aside the judgment of that court rendered on November 25, 1963, adjudging him guilty of murder in the first degree and sentencing him to life imprisonment. After an oral hearing, the court rendered a judgment denying the petition. The instant appeal is from that judgment.

At the prisoner's arraignment on November 12, 1963, for the murder of one Cydia Broadway, he, through his attorneys, pleaded not guilty and not guilty by reason of insanity. At the time the case came on for trial some two weeks later, an agreement had been reached between the District Attorney (then Circuit Solicitor) and the prisoner's attorneys that he would plead guilty to the charge of first degree murder and accept a sentence of imprisonment for life. The State proceeded to make out a prima facie case, the jury reached a verdict, and the prisoner was sentenced by the court. He did not appeal.

In this coram nobis proceeding, originally begun by Eagen pro se, his court-appointed counsel (different from those who defended the murder charge) alleges several irregularities for our consideration.

First, it is argued that the trial judge was without authority to try the petitioner because he was a member of the jury commission and a circuit judge simultaneously, and that this is forbidden by the Constitution of Alabama of 1901, Article 6, § 150, which is as follows:

"The justices of the supreme court, chancellors, and the judges of the circuit courts and other courts of record, except probate courts, shall, at stated times, receive for their services a compensation which shall not be diminished during their official terms; they shall receive no fees or perquisites, nor hold any office, except judicial offices, of profit or trust under this state or the United States, or any other government, during the term for which they have been elected or appointed."

We have held that the act (Local Act No. 118, Local Acts of Alabama 1939, p. 66) providing that Montgomery County Circuit Judges may be members of the Jury Commission does not violate Sec. 105 of the Constitution. Reeves v. State, 260 Ala. 66, 68 So.2d 14. We have not considered the constitutionality of the act as measured against Sec. 150, but similar instances have been decided under Sec. 280 of the Constitution which prohibits any person from holding two offices of profit at one and the same time under this state except for four exceptions not pertinent here. One instance was where the Jury Commission of Tuscaloosa County was abolished and its duties added to those of the Board of Revenue, and it was held that the act did not offend Sec. 280 of the Constitution. State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939. Another case is State ex rel. Clarke v. Carter, 174 Ala. 266, 56 So. 974, where this court said:

"The Constitution does, in effect, inhibit multiplicity of offices, without multiplicity of office holders; that is, it inhibits one person to hold two or more offices of profit and trust under the state government at the same time; but it does not forbid the consolidation of two or more offices, nor does it prohibit the Legislature from imposing additional duties upon, or clothing with added powers, existing officers, nor from withdrawing certain powers and duties from one office and transferring the same to another (with certain limitations or exceptions not necessary to here mention)."

██ Here, the Circuit Judges of Montgomery County do not receive any extra compensation for their additional duties as members of the Jury Commission; it is an additional judicial function directly connected with and a part of the judicial system, and we conclude that the act does not violate Sec. 150 of our Constitution.

██ The second point raised by the petitioner relates to the alleged coercion of his confession given to officers immediately after he was arrested for the murder. The record of the murder trial (introduced during the instant proceeding) and of the coram nobis hearing persuade us that the confession was not taken in circumstances which violate the standards of voluntariness.

The petitioner confessed as he was being driven back to Montgomery from Milton, Florida, the place of his arrest, by sheriff's deputies. Testimony for the State was that he admitted killing the deceased immediately upon entering the officer's car, and that it was not coerced in any way. A full statement, amounting to a confession, was reduced to writing and petitioner signed it. There was evidence that this too was voluntary. Mr. Sanford Weiss, one of petitioner's attorneys at his original trial, testified that Eagen consented to his plea of guilty in exchange for a life sentence and that to the best of his knowledge the prisoner never told him that his confession was given as a result of threats or coercion. Upon the coram nobis hearing, Eagen had a different story—that he was told by officers that the victim had made a dying statement naming him the actor, and that this prompted his confession. This testimony was denied by the officers who went to Milton, Florida to return him to Montgomery.

The evidence upon the instant hearing was that the petitioner was emotionally unstable but not psychotic shortly before the murder. A witness for the State testified he was nervous and crying at the time he confessed. He was twenty-two years of age and had the equivalent of a high school education.

██ Considering the totality of circumstances under which the confession was made and the testimony of all witnesses at both trials, we are convinced, as was the trial judge, that this petitioner has not established his right to relief by clear, full and satisfactory proof. See Allen v. State, [6] 42 Ala.App. 9, 150 So.2d 399, cert. den. 275 Ala. 691, 152 So.2d 439, cert. den. 374 U.S. 854, 83 S.Ct. 1922, 10 L.Ed.2d 1074.

██ Next, counsel for the prisoner asserts that the locus of the crime was not proven and, consequently, the court was without jurisdiction to try him. However, no objection was raised concerning venue during the trial, and, by agreeing to plead guilty in exchange for a life sentence, the prisoner manifested a willingness to be tried by the Circuit Court of Montgomery County. The law of Alabama is well established that unless the failure of the State to prove venue was raised below, the matter will not be considered on appeal. Richardson v. State, 39 Ala.App. 207, 98 So.2d 59, cert. den. 266 Ala. 699, 98 So.2d 65; Payne v. State, 40 Ala.App. 493, 115 So.2d 670; Circuit and Inferior Court Rules, Rule 35, Code 1940, Tit. 7, Appendix.

██ Certainly, in a coram nobis proceeding, one cannot raise the matter of

venue for the first time; for the writ is not intended to relieve a party from his own negligence, and facts known to the accused at the time of trial, and not brought to the court's attention through his negligence, afford no ground for relief. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; State v. Willis, 42 Ala.App. 414, 166 So.2d 917; Thornburg v. State, 42 Ala.App. 70, 152 So.2d 442. We hold that the petitioner waived his right to urge improper venue at the coram nobis hearing.

It is next urged error was committed when the trial judge sustained the District Attorney's objection to the following question propounded to a deputy sheriff during the coram nobis hearing:

"Now, Mr. Mitchell, did you, or did you not, before he [the appellant] ever initially confessed, tell him that he had a right to have counsel?"

This was not error, for we have held the mandates of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.E.2d 694, to be prospective only, Mathis v. State, 280 Ala. 16, 189 So.2d 564, 574; Clark v. State, 280 Ala. 493, 195 So.2d 786, and, therefore, it was not necessary for the deputy to so apprize the accused of his right to counsel at that time.

Finally, petitioner argues that error was committed in allowing the Sheriff of Montgomery County to testify as to whom a particular warrant was made out for when the warrant was said to be lost and no reason sufficient in the law was given for its nonproduction. The witness had testified that he secured a warrant after the body of the deceased had been found. He also testified that he did not know where that particular warrant was. He was asked, "Who was the warrant made out for?" After objection was overruled, the witness answered, "Bill Eagen. That is the only name I could secure at that time."

Without deciding whether this evidence was admissible under the best evidence rule, it is clearly apparent that if the court erred in overruling the objection, it was error without injury. Supreme Court Rule 45. There could be no prejudice to petitioner for the sheriff to testify that he secured a warrant for this defendant, when the undisputed evidence showed that a second warrant was secured and a grand jury subsequently indicted him for murder in the first decree and he pleaded guilty to that offense.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.