210 So.2d 850

**Ex parte Hubert VANN.**

**6 Div. 359.**

Court of Appeals of Alabama.

May 21, 1968.

Hubert Vann, pro se.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for respondent.

PRICE, Presiding Judge.

The petitioner, a prisoner in Kilby Prison, filed what is termed "writ of habeas corpus" in the Supreme Court. The petition was transferred to this court and treated as an original petition for mandamus.

The petitioner alleges that he has been convicted in the Circuit Court of Lamar County and was sentenced to four ten-year sentences, all to run concurrently; that he filed a petition for writ of error coram nobis on October 12, 1966, and was granted a hearing on April 28, 1967, at which time the writ was denied; that he filed notice of appeal in the circuit court on May 16, 1967, and a request for a transcript of all the proceedings but has heard nothing from this request. The petition was filed here on October 20, 1967. Petitioner prayed that this court issue a directive for the records of the coram nobis hearing to be "brought forth."

We issued the alternative writ or rule nisi directed to the circuit judge requiring him to forward to this court the transcript of the records and proceedings of the coram nobis hearing held by him on April 28, 1967, or to appear and show cause why he should not do so.

The Attorney General filed motion to quash, set aside and discharge the rule nisi order, and as grounds for said motion attached thereto as "Exhibit A" a certified copy of the original petition for free transcript of the coram nobis proceedings and notice of appeal, filed May 19, 1967. The following order appears at the bottom of Exhibit A; "5-19-67. The above petition is granted. C. H. Strawbridge, Judge."

Attached as "Exhibit B" to the motion to quash is a certified copy of a motion for a free transcript and an "Affidavit in forma pauperis," which reads:

"The petitioner Hubert H. Vann who is a citizen of the United States and Respectfully make known to this Honorable Court that he is indigent poor person and without any Financial means to pay for such Transcript, etc. * * *."

This motion and affidavit were dated September 5, 1967. The following orders appear at the bottom of said "Exhibit B": "9-8-67. This request has already been approved. C. H. Strawbridge, J." "9/14/67. On motion of the D. A. The

above order is set aside due petitioner's not following Sec. 4 of Act #525, Acts of Alabama. C. H. Strawbridge, J."

Section 4 of Act No. 525, General Acts of Alabama, 1963, p. 1129, now Section 380(17) Title 15, Code of Alabama 1940, Recompiled 1958, (pocket part) reads:

"The sworn petition must aver facts stated with particularity of errors in the proceedings in the trial court which are claimed by the defendant or petitioner as a basis for the appeal. (Such averments of error need not be expressed in any technical form, but must clearly indicate what is intended thereby.) If the defendant or petitioner alleges that the evidence is insufficient to support the verdict or adjudication of guilt, or other judgment or order of the court, the statement must contain averments of fact, stated with particularity, describing the area in which the evidence is lacking."

Petitioner filed motion to dismiss the State's motion to quash, in which he avers that he never received notice that his request for appeal, with free transcript of proceedings, was denied; that he is unlearned in the law; that he does not have access to law books and had no knowledge of the provisions of Section 4, of Act 525, supra; and that he has requested that counsel be appointed to assist him in perfecting his appeal.

We denied the State's motion to quash and ordered that answer to the rule nisi be made returnable February 13, 1968.

The answer, in response to the rule nisi reasserts the failure of petitioner to comply with Act No. 525, supra, "in that he did not aver facts with particularity of error in the proceeding in the trial court, which are claimed by the petitioner, as a basis for the appeal." As authority for this contention the Attorney General cites Ex parte Hite, 279 Ala. 78, 181 So.2d 892, and Ex parte Wade, 280 Ala. 92, 190 So.2d 285. In these cases the petitioner failed to comply with the provisions of Act No. 525,

requiring proof of his indigency. The first orders of the trial judge granting the request for free transcript clearly show that petitioner's indigency had been determined. Under the following cases he is entitled to a free transcript of all the proceedings on coram nobis, to be filed in this court. Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; Cooper v. Alabama, 375 U.S. 23, 84 S.Ct. 84, 11 L.Ed.2d 43; Simpson v. State, 43 Ala.App. 58, 179 So.2d 335; Ex parte Hable, 278 Ala. 11, 174 So.2d 689.

We have no other alternative but to grant petitioner's request. It is the order and judgment of this court that the petition for peremptory writ of Mandamus be and the same is hereby granted.

Writ granted.