251 So.2d 782

**William HOLDEN, Jr.**

v.

**STATE.**

**8 Div. 172.**

Court of Criminal Appeals of Alabama.

Aug. 17, 1971.

No attorney for appellant.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a denial of a free transcript.

Apparently on or about January 27, 1967 a jury found Holden guilty under an indictment for robbery. The verdict also set his punishment at thirteen years imprisonment. He did not appeal.

The right to appeal extended for six months (but only for six months) from rendition of judgment. Code 1940, T. 15, §

368. An appellant can file his notice of appeal on the last day of the six months period. This limit expired in Holden's case June 27, 1967. Thereafter, a pauper has a further ten days under Act 525, September 16, 1963 to petition the trial court for a free (or part free) evidence transcript and for a free (or part free) transcript of the record proper.

Four years later, March 22, 1971, reciting Act 525, supra, Holden asked the trial court for a free transcript "so that he may take action against his case." Beyond this no allegation of need for the transcript appears.

The trial judge denied this tardy request stating in part:

"* * * The time for appeal has long since expired, even if the transcript were sought for this purpose. As the Court views the law regulating free transcripts, they are not made available to everyone who has a sentence after a long expiration of time; they are made available when timely requested for the purpose of prosecuting appeals."

 We can only envisage three purposes which the transcript would now serve:

1.) To supply ammunition for an assault on the judgment of conviction by way of writ of error coram nobis;

2.) To furnish fodder for a Federal habeas corpus rumination; or

3.) As an historical souvenir of the prisoner's passage through the apparatus of justice.

We do not think that either 2.) or 3.) above have up to now been saddled on the back of the State's fisc by Federal construction of the Fourteenth Amendment.

Regarding a trial transcript as a fishing ground for a *potential* cause of action via coram nobis we call attention to the following:

1.) A felony conviction can *only* be had in a circuit court;

2.) Circuit courts are courts of record required to keep their essential papers or recorded copies, Code 1940, T. 7, §§ 1–15; and

3.) As to the evidence Code 1940, T. 13, § 262, relating to official circuit court reporters, provides in part:

"* * * The original stenographic notes of such court reporter in each case or proceeding officially reported shall be preserved by him and treated as a part of the records of the respective courts, and upon his retirement from office, shall be turned over to the clerks of such courts."

Hence, it seems that should the need arise, reconstruction of the original adjudication is available. Compare Norvell v. Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456.

██ Moreover, coram nobis is a writ for examination only of questions of fact which, if known and presented to the original trial court, would have prevented the judgment of conviction. The writ is not available to reopen matters of fact already adjudicated. Therefore, a mere scattergun request for the court reporter's notes would be improper even after a coram nobis proceeding has been initiated.

██ Under Act 525, supra, axiomatically a court cannot order a free transcript until an appeal has been taken. Keeton v. State, 278 Ala. 81, 175 So.2d 774. In this posture the instant case has no supporting foundation.

The judgment below is

Affirmed.