277 So.2d 369

**Jimmy Ray AKINS, alias**

v.

**STATE.**

**5 Div. 173.**

Court of Criminal Appeals of Alabama.

May, 1, 1973.

William O. Walton, Jr., J. A. Hines, LaFayette, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARRIS, Judge.

This is a coram nobis proceeding seeking to overturn a conviction of assault with intent to murder and a sentence to the penitentiary for a term of twenty (20) years. The original conviction was appealed and affirmed. Akins v. State, 46 Ala.App. 401, 243 So.2d 385.

Petitioner's main contention in this proceeding is that he was without the effective assistance of counsel in the trial of his case. The order of the court below shows that petitioner had the services of two (2) experienced lawyers in his defense, viz. Honorable R. C. Wallace, Sr., and Honorable Charles A. Nix. The claim of ineffective counsel was injected into this case because of a letter written by Mr.

Nix to a Mr. J. Eugene-Nichlos Stehl, Legal Advisor, Atmore, Alabama, in which he said:

"I have been engaged in the private practice of law for twenty years, but have never handled any criminal matters except on appointment to defend indigent persons, one time in 1968 and at this term of court in 1970. I am not knowledgeable in matters pertaining to the criminal law. Mr. R. C. Wallace, Sr. has been engaged in the practice of law for more then (sic) forty years in our county."

In denying the petition in this case, the trial judge said that Mr. Nix was a talented and experienced lawyer and general practitioner for over twenty years and perfectly capable of handling criminal cases at both trial and appellate levels. The court said, "In that letter (above mentioned) Hon. Charles A. Nix is entirely too modest in his self appraisal of his abilities as a lawyer."

As to the reputation and standing of Mr. Wallace at the bar, the Court said:

"Hon. R. C. Wallace, Sr. is recognized generally by all lawyers and judges as one of the most competent and successful criminal lawyers in the State of Alabama, a large part of his practice being representation of defendants in criminal cases and the undersigned was one of the judges of the Fifth Judicial Circuit of Alabama for about 8½ years and Mr. Wallace tried many criminal cases before the undersigned during that period."

Counsel in brief filed here on behalf of petitioner concede that Mr. Nix is in fact one of the most competent lawyers in the area, "but as he so succinctly states, his involvement with criminal law practice has been almost nil." As to the competence of Mr. Wallace they say he is "an unusually competent criminal lawyer. But this very competence of Mr. Wallace's is the actual proof of our allegations. It should be obvious that an extremely competent and successful lawyer of over 40 years experience in criminal law would not have conducted the case in the manner that this one was conducted. It should therefore be obvious that for some reason Mr. Wallace was not active in all facets of this case. What the reason was we don't know."

We have examined the original record filed in this court on August 18, 1970, and find that Mr. Wallace was leading counsel in the trial of his case before the jury. This record also shows that Mr. Nix actively participated in that trial. The charge of *inadequacy of counsel is completely disspelled by the record.* Conviction of a client does not prove lack of skill or zeal on the part of counsel. One outstanding member of the State Bar has often said, "show me a lawyer that has tried three cases and I'll show you a lawyer who has lost one." See Butler v. State, 279 Ala. 311, 184 So.2d 823; Echols v. State, 276 Ala. 489, 164 So.2d 486.

■ Petitioner further complains that the trial court committed reversible error in allowing his court-appointed counsel only five (5) minutes to inspect the indictment prior to arraignment. This very issue was decided adversely to petitioner in the case of Peterson v. State, 231 Ala. 625, 166 So. 20.

■ Petitioner also claims error because of the state's failure to prove the venue of the crime. The trial judge in his decree denying the writ in this case went to great pains to point out that the question of proof vel non of venue was never called to the attention of the trial court and further that proof of venue may be shown by circumstantial evidence and set forth numerous facts and circumstances, and citation of authorities, tending to show that venue of the crime was proven. The short answer to petitioner's claim in this regard is the case of Eagen v. State, 280 Ala. 438, 194 So.2d 842, wherein our Supreme Court held that one cannot raise the matter of venue for the first time in a coram nobis proceeding.

Petitioner next asserts his innocence of the charge of assault with intent to murder. It is not the office of a writ of error coram nobis to question the merits of the case. Butler v. State, supra. However, we have carefully examined the "trial transcript" and it reflects one of the most brutal and aggravated assaults upon the body of a little helpless two to three year old girl imaginable. Photographs of the nude body of the victim taken in the hospital show her entire body bruised and discolored. This evidence is shocking in the extreme.

Petitioner did not testify in his behalf and offered only one witness in his defense. He introduced a psychologist who testified that he first examined the petitioner on February 16, 1970, seven days after he was arrested on a warrant for assault and battery sworn out by the mother of the child. This psychologist—not psychiatrist—saw petitioner again on February 20, 1970, and on the day of trial, March 19, 1970. The total time spent interviewing petitioner was less than two (2) hours. When asked to state his findings, he testified:

"Diagnostically, I classify Mr. Akins as what we call an inadequate personality of a passive aggression type. What that means in layman language is that he has never had a model to identify with that would help him be what we call a mature person. The end result is that he internalizes a great amount of anger and frustration and hostility. And at the time I saw him he had no way to express this outwardly so he is like a boil that is bubbling over with hostilities. And my feelings is any time he gets a stressful situation, it will bubble over."

It is very doubtful that this witness was qualified to express an opinion as to petitioner's mental status, nevertheless the trial court allowed him to express his opinion. He testified that in his opinion petitioner was presently of unsound mind and had been for a long time. The issue of insanity was submitted to the jury with adequate instructions from the court. The jury found against petitioner on this matter.

This petitioner has had his day in court with all the constitutional safeguards to which he was entitled accorded to him. This is all he can and should expect.

This case is due to be affirmed, and it is so ordered.

Affirmed.

All the Judges concur.