In November of 1962, Michael Anthony Mayola, the appellant, was convicted of the first-degree murder of an eleven year old child. He was sentence to life imprisonment. No appeal was taken from that conviction for which the maximum penalty was death.
On April 3, 1973, the appellant filed a pro se petition for writ of error coram nobis, which he subsequently amended, and which, as amended, was heard and denied. This denial was appealed and this court in Mayola v. State, 57 Ala. App. 137, 326 So.2d 665
(1976) affirmed the ruling of the lower court.
Mayola subsequently filed a petition for a writ of habeas corpus with the United States District Court for the Northern District of Alabama. On April 2, 1976, this petition was denied because the appellant had failed to exhaust his state remedies regarding his claims of (a) the introduction of inadmissible evidence, (b) improper jury selection, and (c) prejudicial pretrial publicity.
On April 12, 1976, the appellant filed a second petition for writ of error coram nobis with the Circuit Court of Blount County. In this second petition, the appellant allegedly and admittedly sought to present those issues to which the state remedy had not been exhausted under the federal court order. After a full hearing on the merits of that petition, it was denied. This appeal is taken from the lower court's order denying the appellant's second petition for a writ of coram nobis. As an indigent, the appellant was afforded counsel on the hearing of each coram nobis petition, a free transcript in each case and counsel on each appeal.
Four issues are presented for review. The appellant urges that the following failures of the lower court were error: The failure of the lower court (1) to furnish the appellant with a copy of his trial transcript, *Page 820 
(2) to grant the appellant's request for a change of venue based on pretrial publicity, (3) to grant his petition for writ of error coram nobis because illegally obtained evidence was admitted at trial, and (4) because the appellant alleges he was not represented by counsel at his arraignment.
The facts of the crime surrounding the kidnapping and murder of the deceased youth are repulsive and shocking. However, they are not material for purposes of this appeal. Therefore, the relevant facts and testimony will be discussed as material to each issue.
 I
The appellant asserts that the lower court erred in denying his request for a copy of his original trial transcript without a showing that (1) the transcript was no longer available and (2) that the state was in no way responsible for its unavailability.
From the testimony given in this second coram nobis hearing it affirmatively appears that, contrary to the appellant's assertions, he was informed by his trial attorneys of his right to appeal and that he knowingly and intelligently waived this right. The appellant has given no credible reason for his delay in raising any issue surrounding his conviction and in appealing his case.
Under Alabama law (Act 525, approved September 16, 1963, Acts of 1963, page 1129; see Code 1940, Recompiled 1958, Title 15, § 380 (14) et seq.) a court cannot order a free transcript until an appeal has been taken. There is no provision under the law of this state for furnishing a transcript of the evidence of a conviction, which has never been appealed, on a post-appeal review. Holden v. State, 47 Ala. App. 164, 251 So.2d 782 (1971);Keeton v. State, 278 Ala. 81, 175 So.2d 774 (1965); Allison v.State, 273 Ala. 223, 137 So.2d 761, cert. denied, 369 U.S. 856,82 S.Ct. 946, 8 L.Ed.2d 15 (1962); Butler v. State, 279 Ala. 311,184 So.2d 823 (1966).
We recognize the rule established in Griffin v. People of Stateof Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956);Eskridge v. Washington State Board of Prison Terms and Paroles,357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); and Draper v.State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed. 899
(1963) and extended by Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768,9 L.Ed.2d 892 (1963); Burns v. State of Ohio, 360 U.S. 252,79 S.Ct. 1164, 3 L.Ed.2d 1209 (1957); Smith v. Bennett,365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961) and Norvell v. State ofIllinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963) that the right to a free transcript is not limited to direct appeals from criminal convictions, but extends alike to state post conviction proceedings, even though the state has already provided one review on the merits. Indeed Act 525 was enacted in response to the constitutional mandate set forth in Griffin, supra. Ex parte Hable, 278 Ala. 11, 174 So.2d 689 (1965); Exparte Vann, 44 Ala. App. 404, 210 So.2d 850 (1968).
Here when a request was made for the trial transcript, fourteen years had elapsed. The lower court judge stated that "the transcript is not available I'm informed. Now, if it were available, I would make it available to you."
The appellant was represented by counsel at his trial and that counsel was fully prepared, as the record so indicates, to protect his rights on appeal. Here the appellant specifically waived those rights and cannot now be heard to complain.
The attorney for the appellant has represented to this court that diligent efforts have been made to obtain the trial transcript or the court reporter's notes without success. The appellant did not take an appeal from his conviction nor did he give any indication to the trial court that he desired a transcript of his trial prepared. Since no evidence has been adduced indicating intentional state action designed to discriminate against the appellant, his contention that he was denied due process because the state failed to prepare a transcript of his trial is without merit and must fail. See:McGarrity v. Beto (S.D.Tex. 1971) *Page 821 335 F. Supp. 1186 and cases cited at 1189. Although it would be an invidious discrimination for the state to make available a transcript to those who could afford them, yet deny them to those who were indigent, the failure of the state to provide them because they simply do not exist does not arise to the magnitude of a constitutional violation. Yates v. Wellman
(E.D.Ky. 1974) 373 F. Supp. 437 and cases cited at 439.
 II
The appellant also contends that the lower court erred in not granting his petition for writ of error coram nobis on the ground that adverse and sensational publicity denied him the right to a fair trial.
From the evidence before us it appears that a motion for change of venue was not filed in the trial court although the trial judge and the appellant's attorneys discussed it. A motion for a continuance on the ground of pretrial publicity was made but was denied. Because of this, the trial judge specifically qualified the jury on his own as to whether they would be prejudiced by the newspaper publicity. The trial judge testified that he was satisfied that the jury had been amply qualified with regard to pretrial publicity because he specifically "took that up with the jury and because the appellant's attorneys questioned all of the jurors individually and at length".
By not raising the matter of venue in the trial court the appellant has waived his right to urge improper venue for the first time at the coram nobis hearing. Eagen v. State, 280 Ala. 438, 194 So.2d 842 (1967); Akins v. State, 50 Ala. App. 94,277 So.2d 369 (1973).
The function of a writ of error coram nobis is not to relieve a party of his own negligence in not raising issues at the time of trial when he had full knowledge of the facts. Hopkins v.State, 57 Ala. App. 78, 326 So.2d 144 (1975); Mathis v. State,281 Ala. 424, 203 So.2d 442 (1967).
The existence of widespread publicity alone does not indicate that the accused will not get a fair trial. Publicity by press, radio, and television is not necessarily a ground for a change of venue. Mathis v. State, 280 Ala. 16, 189 So.2d 564, cert. denied, 87 S.Ct. 963, 386 U.S. 935, 17 L.Ed.2d 807 (1966);Hurst v. State, 54 Ala. App. 254, 307 So.2d 62, cert. denied,293 Ala. 548, 307 So.2d 73 (1974); Payne v. State, 48 Ala. App. 401, 265 So.2d 185, cert. denied, 288 Ala. 748, 265 So.2d 192, cert. denied, 409 U.S. 1079, 93 S.Ct. 703, 34 L.Ed.2d 669
(1972). There is absolutely no evidence before this court of any actual prejudice directed toward the appellant resulting from extensive publicity. Indeed, the record before us establishes the fact that the jury which tried and convicted the appellant was fair and impartial. That they sentenced the appellant to life rather than death is enough indication of this. It is elementary that the movant must show bias or prejudice in the jury or jury venire created by the alleged prejudicial publicity before he is entitled to a change of venue. Without proof of prejudicial influence on the jury, this court will not hold the trial court in error for refusing or failing to grant a motion for a change of venue or continuance based on pretrial publicity. Botsford v. State, 54 Ala. App. 482, 309 So.2d 835, cert. denied, 293 Ala. 745, 309 So.2d 844
(1974); Mathis v. State, 52 Ala. App. 668, 296 So.2d 755, cert. quashed, 292 Ala. 732, 296 So.2d 764, cert. denied,419 U.S. 1106, 95 S.Ct. 777, 42 L.Ed.2d 802, rehearing denied,420 U.S. 967, 95 S.Ct. 1363, 43 L.Ed.2d 446 (1973); Edwards v. State,51 Ala. App. 433, 286 So.2d 308, cert. denied, 291 Ala. 777,286 So.2d 313 (1973); Flowers v. State, 47 Ala. App. 613,259 So.2d 300 (1972). Only the newspaper articles are before this court. There was absolutely no offer of proof as to their prejudicial influence or effect, if any, upon the jury. On the contrary the evidence presented shows that the jury was not influenced by the publicity. The introduction of newspaper articles is alone insufficient to support a motion for a change of venue (or continuance) without a showing of the effect such articles would have on the venire or the jury. Beddow v. State,39 Ala. App. 29, *Page 822 96 So.2d 175, cert. denied, 266 Ala. 694, 96 So.2d 178 (1956);Aycock v. State, 50 Ala. App. 130, 277 So.2d 404 (1973); Yoemansv. State, 55 Ala. App. 160, 314 So.2d 79 (1975); Slaughter v.State, 47 Ala. App. 634, 259 So.2d 840 (1972).
From the above it is obvious that relief cannot be granted on this claim of error.
 III
The third argument of the appellant is that illegally obtained evidence was admitted at his trial. The office of the writ of error coram nobis is not that of a delayed appeal but rather is the vehicle to seek review of matters which were not known or could not have been reasonably discovered within the time for taking a direct appeal. Seagroves v. State,53 Ala. App. 481, 301 So.2d 245 (1974). Furthermore, testimony before this court affirmatively shows no illegally obtained evidence was introduced at the appellant's trial. For these reasons, this claim of the appellant must fail.
 IV
Finally, the appellant argues that his petition should have been granted because he was not represented by counsel at arraignment. The evidence positively belies this assertion and demonstrates that the appellant was represented by counsel. The appellant's conviction of kidnapping was reversed by this court because of lack of counsel at his arraignment. Mayola v. State, Ala.Cr.App., 337 So.2d 105 (1976). Perhaps the appellant has these cases confused in his own mind.
Absent from his petition for the writ of error coram nobis is an allegation that the appellant was innocent of the crime charged or that he had a valid defense. Under a long line of cases of this court and the Supreme Court, failure to make this assertion is fatal. Upshaw v. State, 50 Ala. App. 172,277 So.2d 917 (1972); Mack v. State, 51 Ala. App. 611, 288 So.2d 150
(1974). It is indeed a sad commentary when guilt or innocence is no longer the paramount question to be resolved. Cooper v.Wiman, 273 Ala. 699, 146 So.2d 216 (1962).
This court finds absolutely no merit whatsoever to any of the claims advanced by the appellant. We will not allow the appellant to make a mockery of justice and abuse the process of this court by asserting frivolous accusations bounded only by his own imagination.
After carefully and fully considering each contention raised by the appellant and searching the record for error prejudicial to the appellant and finding none, it is the opinion of this court that the judgment of the lower court denying the petition for writ of error coram nobis is due to be and is hereby
AFFIRMED.
All Judges concur.