HARRIS, Judge.
This is an appeal of the trial court’s refusal to take jurisdiction of appellant’s petition for writ of habeas corpus.
From aught that appears in the record, the trial court was correct in con- *771 eluding that appellant’s petition presented only “factual issues which cannot be reached by habeas corpus proceedings,” and in refusing to take jurisdiction. “It is a well-settled principle of law in Alabama that a writ of habeas corpus cannot be used to replace a writ of error [coram nobis] or an appeal.” Cooper v. Wiman, 273 Ala. 699, 145 So.2d 216 (1962), cert. denied, 371 U.S. 958, 83 S.Ct. 516, 9 L.Ed.2d 505 (1963); see also, Fields v. State, 407 So.2d 186 (Ala.Crim.App.1981); Collins v. State, 424 So.2d 693 (Ala.Crim.App.1982); Brown v. State, 429 So.2d 674 (Ala.Crim.App.1983).
Consequently, the trial court’s judgment in refusing jurisdiction is due to be affirmed.
AFFIRMED.
All the Judges concur.