HORNSBY, Chief Justice.
A criminal defendant, Michael Lamar Powell, has petitioned this Court for a writ of mandamus directing Judge Michael Zoghby, of the Mobile Circuit Court, to grant the defendant’s motion for a free copy of the transcript of his sentencing hearings, which were held on December 3, 1991, and May 5, 1992. We deny the writ.
I.
The facts and procedural history of this case are both lengthy and complex. Thus, we set out a summary below:
While on probation from an earlier conviction (CC-87-1047),[1] Powell was arrested and charged with burglary in the second degree, burglary in the third degree, two counts of possession of a controlled substance (cocaine), and illegal possession of a credit card (cases CC-91-2382 through CC-91-2386). On December 3, 1991, Powell pleaded guilty to two counts of burglary in the third degree, two counts of possession of a controlled substance, and illegal possession of a credit card. In accord with the plea agreement, Judge Lionel Layden[2] sentenced Powell to 30 years in prison for each of the five cases, the five sentences to be served concurrently with each other and with his sentence in CC-87-1047, and with credit given for time already served. On December 31, 1991, Powell filed a motion for reduction of his sentence, which was denied on January 31,1992. It is important to note that Powell did not appeal from his convictions and sentences.
On February 13, 1992, Powell, claiming indigency, filed his first motion for a free copy of the transcript of his sentencing hearing of December 3, 1991, contending that the Department of Corrections had listed one or more of his five concurrent 30-year sentences as being consecutive to his 15-year sentence in case CC-87-1047, rather than being concurrent as to that sentence. On February 27, apparently because of a clerical error, Judge Layden amended his sentencing order of December 3, 1991, to note that Powell’s 30-year sentence in the five cases was to “run concurrent with any other time the defendant is presently serving.”
In April 1992, Powell filed several motions, alleging that there was still error in his sentences, seeking.to have the sentences corrected, and attempting to obtain a fee copy of the transcript of his December 3, 1991, sentencing hearing. A hearing on these motions regarding Powell’s sentence was held on May 5,1992. On June 2, Judge Layden signed an order intended to correct Powell’s sentences in cases CC-91-2382 through CC-91-2386 to accurately reflect Powell’s plea agreement. The sentencing order also noted that Powell had violated his probation in case CC-87-1047, revoked his probation in that case, and ordered that the remainder of his sentence in that case run concurrently with his sentences in CC-91-2382 through CC-91-2386 and that he be given credit for time served.
On April 12, 1993, Powell filed another motion seeking a free copy of the transcript *775 of the December 3, 1991, sentencing hearing and also seeking a free copy of the transcript of the May 5, 1992, hearing; the circuit court denied that motion on April 30, 1993. Judge Zoghby ordered that a copy of the case action summary sheets for each of Powell’s convictions be sent to Powell in lieu of the requested transcripts. On June 1, 1993, Powell filed a notice of appeal of the denial of his motion. The Court of Criminal Appeals dismissed his appeal.
Thereafter, in September 1993, Powell filed in the Court of Criminal Appeals a petition for a writ of mandamus, requesting that court to order the Mobile Circuit Court to grant his motion for free transcripts of his December 1991 and May 1992 sentencing hearings. The Court of Criminal Appeals summarily denied the petition on September 29, 1993, 635 So.2d 922. Powell filed his mandamus petition in this Court on October 14, 1993. Finally, on December 22, 1993, Powell filed in the Mobile Circuit Court a petition for post-conviction relief under Rule 32, A.R.Cr.P.
II.
This Court recognizes that under Alabama law “[m]andamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte United Service Stations, Inc., 628 So.2d 501 (Ala.1993). See Ex parte AmSouth Bank, N.A., 589 So.2d 715 (Ala.1991). Further, we have stated, as a general rule, that “if the matters complained of can ultimately be presented by an appeal, a writ of mandamus will not be issued.” Ex parte Spears, 621 So.2d 1255, 1256 (Ala.1993). See Wilson v. State, 280 Ala. 167, 190 So.2d 720 (1966). Finally, in Spears we also recognized that a writ of mandamus is rarely to be granted in a criminal case. 621 So.2d at 1257.
III.
Powell’s petition for a writ of mandamus asks this Court to order the Mobile Circuit Court to grant his motion for free copies of the transcripts of his December 1991 and May 1992 sentencing hearings; he claims those copies are necessary to adequately prepare and present his Rule 32 petition for post-conviction relief as to his sentences. Rule 32, A.R.Cr.P., provides a procedure for securing the post-conviction relief from a conviction or sentence previously provided by either a writ of habeas corpus or a writ of error coram nobis. H. Maddox, Alabama Rules of Criminal Procedure, § 32.0 (1990).
The type of post-conviction relief provided by the writs of habeas corpus or error coram nobis, now encompassed in a Rule 32 petition, is separate and distinct from the convicted defendant’s right of appeal. See Thomas v. State, 280 Ala. 109, 190 So.2d 542 (1966); Carroll v. State, 462 So.2d 789 (Ala.Cr.App.1984); Allen v. State, 453 So.2d 770 (Ala.Cr.App.1984); Greer v. State, 49 Ala.App. 36, 268 So.2d 502 (Ala.Cr.App.1972). In criminal cases, Alabama law provides for an appeal as of right upon the timely filing of a notice of appeal. Ala.Code 1975, §§ 12-22-130; AR.Cr.P. 31; A.R.App.P. 3 and 4. A direct appeal is the remedy favored by law— a Rule 32 petitioner will not be given relief if the grounds on which he seeks relief either were raised, or could have been raised, on appeal. Rule 32.2, AR.Cr.P. Further, we note:
“As a general rule, the grounds for post-conviction relief are fewer in number and narrower in scope than in direct remedy proceedings [such as an appeal]. Whereas any nonharmless error usually will constitute grounds for direct relief, postconviction relief usually is available only on grounds involving egregious error, i.e., errors that are jurisdictional, constitutional, or otherwise fundamental.”
D.E. Wilkes, Jr., Federal and State Postcon-viction Remedies and Relief, § 1-5 (1992).
Accordingly, the various alleged errors a convicted defendant can possibly raise on direct appeal of a conviction or sentence demonstrate a greater need for a transcript of the prior proceedings than do the limited number and type of alleged errors that can *776 be raised in a Rule 32 petition. However, Powell argues that we should grant his petition for a writ of mandamus because, he claims, he has a “clear legal right” to a free copy of the transcript of his sentencing hearings based on his filing of a Rule 32 petition.
It is clear that in Alabama, where the law provides for a direct appeal of a criminal conviction or of a ruling on a post-conviction motion, a transcript of the proceeding appealed from must be provided without cost to an indigent defendant whenever the proceeding is transcribed. Ala.Code 1975, §§ 12-22-190 and -191. This requirement is based on the United States Supreme Court’s ruling in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), that an indigent defendant’s constitutional right to equal protection is violated where a state provides defendants with the right of appellate review, but, in effect, denies adequate appellate review to those defendants who cannot afford to purchase a transcript of the proceedings. The Supreme Court ruled that “[destitute defendants must be afforded as adequate appellate review as defendants who have enough money to buy transcripts.” 351 U.S. at 19, 76 S.Ct. at 591.
Following Griffin and the enactment of precursors to Ala.Code 1975, §§ 12-22-190 and -191, Alabama’s appellate courts have long recognized an indigent defendant’s right to a free transcript of the trial when the defendant files a timely appeal of the conviction. See Brooks v. State, 283 Ala. 459, 218 So.2d 271 (1968); Heflin v. State, 278 Ala. 106, 176 So.2d 37 (1965); Sanders v. State, 42 Ala.App. 419, 167 So.2d 174 (1964). The right of an indigent defendant to a free transcript also extends to appeals from trial court rulings in post-conviction proceedings. In Ex parte Hable, 278 Ala. 11, 174 So.2d 689 (1965), we ordered the Geneva Circuit Court to prepare a transcript of its hearing on a defendant’s petition for a writ of error coram nobis so that we could review that transcript on appeal. Similarly, in Pinkard v. State, 461 So.2d 875 (Ala.Cr.App.1984), the Court of Criminal Appeals recognized that where an indigent defendant appealed the circuit court’s denial of his petition for a writ of error coram nobis, the defendant had a right to a free transcript of the coram nobis hearing.
The holdings of these cases accurately reflect the law as provided in Ala.Code 1975, §§ 12-22-190 and -191. Those sections state, in relevant part:
“It is the purpose of this division to provide [indigent] defendants or petitioners with a transcript of the evidence, or a part thereof, and a record for a proper and equal review in certain criminal cases and such other eases wherein it is made to appear that a convicted defendant is indigent and desires to take an appeal and obtain a judicial review of matters that occurred at his trial or hearing.”
§ 12-22-190 (emphasis added).
“This division shall apply to all criminal cases tried in the courts of the state of Alabama where a direct appeal to the supreme court or court of criminal appeals is provided by law, also to all related or collateral proceedings ... where an appeal is provided to the supreme court or court of criminal appeals.”
§ 12-22-191 (emphasis added). Thus, Alabama law recognizes that when an indigent defendant appeals a conviction or the trial court’s ruling in a post-conviction proceeding, such as a hearing on a Rule 32 petition, a transcript of the proceeding must be made available to the defendant without cost. The critical word in the above statutes is appeal.
As noted previously, Powell’s Rule 32 petition challenging his sentence is not an appeal. Powell failed to appeal his conviction and sentence. Powell’s Rule 32 petition is a petition for post-conviction relief properly entertained in the court of original conviction— in this case, the Mobile Circuit Court. A.R.Cr.P. 32.1. See Drayton v. State, 600 So.2d 1088 (Ala.Cr.App.1992). If the Mobile Circuit Court denies Powell’s Rule 32 petition, he may appeal that ruling to the Court of Criminal Appeals. At that point, as an indigent, the defendant is entitled to have the State furnish him a free transcript of the Rule 32 petition hearing, but not free transcripts of his sentencing hearings.
*777 Although Powell argues that appellate review of the Mobile Circuit Court’s ruling on his Rule 32 petition will be insufficient to protect his right to a free transcript of his sentencing hearings, we hold that an indigent defendant has no constitutional right to a free transcript of his trial or some other proceeding once that defendant has foregone the privilege of appealing from the judgment based on the trial or other proceeding. Mayola v. State, 344 So.2d 818, 820 (Ala.Cr.App.1977), cert. denied, 344 So.2d 822 (Ala.1977); Holden v. State, 47 Ala.App. 164, 251 So.2d 782, 783 (1971) (the Court of Criminal Appeals quoted with approval from the trial judge’s order: “ ‘As the Court views the law regulating free transcripts, they are not made available to everyone who has a sentence after a long expiration of time; they are made available when timely requested for the purpose of prosecuting appeals.’ ”). Accordingly, we conclude that Powell’s Rule 32 petition provides no basis for a right to free transcripts of his sentencing hearings.
However, Powell is not left without a remedy. Even without the transcripts of his sentencing hearing, Powell has filed a Rule 32 petition challenging his sentence.[3] His brief in support of that petition is lengthy and contains substantial appendices composed of documents obtained from the State. If the Mobile Circuit Court denies his Rule 32 petition, Powell will be entitled to a free transcript of that hearing and to appellate review of the circuit court’s ruling, if Powell files a timely notice of appeal.
We conclude that because Powell failed to appeal from his conviction and sentence, he has no “clear legal right” to a free transcript of his sentencing hearings. Accordingly, his petition for a writ of mandamus is denied.
WRIT DENIED.
MADDOX, SHORES, HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.

. Powell had pleaded guilty to unlawfully breaking and entering a motor vehicle and received a 15-year split sentence, with 3 years to be served in prison and then the remainder on probation.

. District Court Judge Layden had been temporarily assigned to the circuit court.

. Powell attached a copy of his Rule 32 petition and his brief and supporting exhibits and motions as an appendix to his reply brief in this mandamus proceeding.