149 So.2d 834

**Grant COOPER**

v.

**STATE of Alabama.**

I Div. 105.

Supreme Court of Alabama.

Feb. 7, 1963.

Grant Cooper, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

This is an appeal by a convict from a judgment of the circuit court denying his petition for writ of error coram nobis.

The record now before us purports to contain the record proper in the proceedings of the circuit court on the petition. There is no transcript of the evidence in this record.

The burden of petitioner's complaint is that: "When he plead guilty and was sentenced on May 10, 1955, he was under the influence of Narcotic drugs * * *."

Conceding, without deciding, that petitioner might be entitled to some relief if he did in fact plead guilty while under the influence of drugs, there is nothing in this record to sustain his assertion that he did plead while under such influence. We are not to be understood as intimating that petitioner could or could not obtain his release or a new trial six years after his plea of guilty while he was, allegedly, in a drugged condition. That question is not presented.

■ The judgment appealed from recites that "the evidence fails to sustain the petition * * *." This recital of the judgment is not contradicted by the record presented to us. Under elementary rules of review, we must indulge the presumption that the trial court ruled correctly.

"* * * After a defendant has been convicted on plea of guilty or after trial, the People are not required to assume the burden again of establishing that what was done was regular in the absence of evidence to the contrary. * * *" People v. Smyth, 3 N.Y.2d 184, 164 N.Y.S.2d 737, 143 N.E.2d 922, 924.

■ Appellant argues that he is entitled to "a transcript of the proceedings of the hearing" on his petition in the circuit court. We take it that petitioner is insisting that he is entitled to a free transcript of the evidence presented on that hearing. We are of opinion that the law does not entitle petitioner to a free transcript of such evidence. Allison v. State, 273 Ala. 223, 137 So.2d 761.

■ It is to be remembered that this is not a proceeding by the State of Alabama against petitioner. The proceeding by the State of Alabama was terminated more than six years before the instant petition was filed. This is a new proceeding instituted by petitioner and the burden is on

him to sustain his assertions. We do not think that the burden is on the state continually to vindicate again and again its right to imprison a convict. We are not advised that any court has gone so far as to hold that a prisoner is entitled to a free transcript of the evidence offered in a proceeding for writ of error coram nobis. The State of Alabama has made provision for a free transcript of the evidence on appeal in a criminal prosecution brought by the state against a defendant. Act No. 62, approved September 15, 1961; Acts of Alabama 1961, Vol. II, page 1930. There is no provision for a free transcript of the evidence on appeal in a proceeding initiated, not by the state but by the prisoner, which this proceeding is. We are not aware of any state which provides for a free transcript on appeal, not from a criminal prosecution initiated by the state, but from a hearing on petition for extraordinary writ initiated by the prisoner. The cloak of due process has not been extended to cover appellant's condition.

We are of opinion that the judgment is due to be affirmed.

Affirmed.

LAWSON, GOODWYN, and HARWOOD, JJ., concur.