164 So.2d 488

Grant COOPER

v.

STATE of Alabama.

I Div. 208.

Supreme Court of Alabama.

May 7, 1964.

Grant Cooper, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

On September 27, 1962 the Circuit Court of Mobile County held a hearing on the coram nobis petition, as amended, of Grant Cooper. From an order denying the writ, appellant appealed to this Court, and the judgment of the lower court was affirmed, 274 Ala. 471, 149 So.2d 834. Appellant Cooper then filed a petition for certiorari to the Supreme Court of the United States to require the Circuit Court of Mobile County, Alabama to furnish appellant a free transcript of the evidence taken on the hearing of his coram nobis petition. The Supreme Court of the United States granted appellant's petition and this Court ordered the lower court to furnish appellant with a free transcript. This order has been complied with and the transcript is now filed in this Court.

On March 4, 1964 the Attorney General of Alabama, who represents the State, gave notice that the State was requesting submission of this appeal in accordance with the provisions of Rule 16, Revised Rules of this Court. Appellant, on March 6, 1964, filed a motion to strike the record, seeming to contend that the record is not complete. This motion is obviously without merit since the transcript of the evidence is certified by the official Court Reporter to be a true and correct transcript and the full record was marked filed the same day by the Clerk of the Circuit Court and certified to be correct.

On the Merits of the Appeal

The principal contentions of petitioner Grant Cooper before the trial court on the coram nobis hearing were that he was held incommunicado for several days and that his confession of guilt of the murder of one Piotrawski was procured by the solicitor and the Chief of Police of Prichard agreeing to furnish him a

certain drug (dolophine) if he would plead guilty and that he was kept so doped that he could not adequately defend himself against the murder charge. The State, of course, denied these contentions and the judge resolved the questions against the petitioner. We, therefore, review the case here and consider it an appeal from the holding of the lower court denying appellant's petition for writ of error coram nobis.

The evidence is abundantly clear that the petitioner failed to prove his petition by any evidence, aside from his own testimony. On the contrary, the evidence for the State was substantial that the appellant was not held incommunicado for several days, was not doped to procure a confession and was not doped during his trial. Furthermore, the record shows that he had his own lawyer in court who negotiated the plea of guilty for him. That lawyer is now one of the Circuit Judges of Mobile County. We are, therefore, at the conclusion that the judgment must be affirmed.

Motion of appellant to strike the record is overruled and judgment is affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.