Edward Lee Thomas was convicted of assault in the first degree and sentenced to life imprisonment as a habitual felony offender. He raises two issues on this appeal from that conviction.
 I
Thomas shot Jimmy C. Martin, the chief of police for the city of Union Springs with an "automatic pistol" in an exchange of gunfire after having fired a "high powered rifle" in the Bullock County Sheriff's Office on December 19, 1988. The chief was hit in his side and testified that the bullet went all the way through his side exiting one-half inch from his spine. The chief stated that initially he "wasn't aware that [he] had been shot." The chief was taken to the Bullock County Hospital and was then transported to a hospital in Montgomery where he remained for three days and was released on the fourth. He returned to work two weeks later.
Thomas argues that the prosecution failed to prove that Chief Martin sustained "serious physical injury" as defined by Ala. Code 1975, § 13A-1-2(9). During the trial, there was no testimony that the gunshot wound "create[d] a substantial risk of death, or . . . cause[d] serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ," which is the definition of "serious physical injury." § 13A-1-2(9). However, the chief did identify *Page 1184 
the location where the bullet entered his side: "Q. Where did it hit you? A. Right there [Indicating]." From the record, this Court cannot determine the exact location of the entrance wound in the chief's side, and, therefore, cannot determine the degree of the injury. However, under the circumstances of this case, we do not consider this lack of evidence to require a reversal of the conviction.
"The standard for determining the sufficiency of the evidence to sustain a conviction is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt. . . . The evidence presented by the State is to be viewed in the most favorable light when deciding upon sufficiency of the evidence." Ex parte Hinton, 548 So.2d 562
(Ala. 1989). "Prima facie evidence may be defined as evidence which suffices for proof of a particular fact until the fact is contradicted by other evidence." Lavett v. Lavett,414 So.2d 907, 911-12 (Ala. 1982), overruled on other grounds, McBride v.McBride, 548 So.2d 155 (Ala. 1989). " 'Prima facie evidence' means that which brings about a measure of proof which, unless it is self contradictory or is contradicted by the defense, would support the jury's inferring the existence of one or more elements of a crime." Kizziah v. State, 42 Ala. App. 303, 305,162 So.2d 889 (1964).
We think that under the circumstances of this case the jury could have inferred that because of the location of the gunshot wound and the required hospitalization, the wound created a substantial risk of death. Cf. Goans v. State, 465 So.2d 482
(Ala.Cr.App. 1985). In drawing this inference, the jury was entitled to use common sense and common reason. See Thompson v.State, 21 Ala. App. 498, 499, 109 So. 557 (1926). "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the [State], and make all reasonable inferences in support of the jury verdict." UnitedStates v. Gregory, 730 F.2d 692, 700 (11th Cir. 1984), cert. denied, 469 U.S. 1208, 105 S.Ct. 1170, 84 L.Ed.2d 321 (1985).
At the close of the State's case, defense counsel requested a judgment of acquittal "for failure of the State to prove that the defendant shot Chief Martin and cause . . . causing serious physical injury as alleged in the indictment." The trial judge denied this motion without comment. Because the record does not reveal exactly where the chief was shot, we must rely on the trial judge's implicit determination that the injury was serious. On review, this Court "must indulge the presumption that the trial court ruled correctly." Cooper v. State,274 Ala. 471, 149 So.2d 834, vacated on other grounds, 375 U.S. 23,84 S.Ct. 84, 11 L.Ed.2d 43 (1963). "When there is no showing to the contrary, the presumption is always in favor of correct action on the part of the trial judge." Ballard v. State,236 Ala. 541, 542, 184 So. 260 (1938). "Substantial error is not presumed, but the burden is upon the appellant to show error."Edwards v. State, 274 Ala. 569, 570, 150 So.2d 710 (1963).
 II
The trial judge did not abuse his discretion in refusing to remove the handcuffs from the defendant during the trial. At the beginning of trial, outside the jury's presence, defense counsel requested that the handcuffs be removed from the defendant. The trial judge responded:
 "This defendant has escaped on two or three occasions. He ran from the law and would not turn himself in. He is alleged to have come through the courthouse and shot up the sheriff's office, and at the deputies, and he has secreted himself from prosecution for several months, he has been chased two or three times by law enforcement officers, and the Court has been informed, and believes, that it is a probability, if not a possibility, that if he isn't confined that he would attempt to escape or attempt to harm somebody. So, the Court denies that motion."
"Every court has power to preserve and enforce order in its immediate presence; to prevent interruption, disturbance, or hindrance to its proceedings; and to control all persons connected with a judicial proceeding *Page 1185 
before it." Clark v. State, 280 Ala. 493, 497, 195 So.2d 786
(1967), appeal dismissed, cert. denied, 387 U.S. 571,87 S.Ct. 2071, 18 L.Ed.2d 967 (1967). "While recognizing that an accused generally has a right to be tried without being subjected to physical restraints, and that this right has been embodied in various constitutional and statutory guaranties, the courts have also recognized that this right is subject to exception, especially on such grounds as the need to prevent (1) the accused's escape, or (2) the accused's resort to violence, or (3) the accused's disruption of the trial." Annot., 90 A.L.R.3d 17, 23 (1979). See also Campbell v. State, 484 So.2d 1168, 1170
(Ala.Cr.App. 1986); Goodwin v. State, 495 So.2d 731, 733
(Ala.Cr.App. 1986).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.