BOWEN, Judge.
The Juvenile Court of Lauderdale County ordered sixteen-year-old L.W.C. transferred to circuit court for criminal prosecution as an adult for the offenses of assault in the first degree and attempted murder. The juvenile raises two issues on this appeal from those orders.
I.
The juvenile's argument that the transfer orders are insufficient is based on the entries contained on the case action summary sheets noting the orders of transfer and not on the separate orders of transfer entered by the court. See Rule 26.9(c)(1), A.R.Crim.P. Both the entries on the case action summaries and the orders of the juvenile court bear the same date.
The transfer order in each case recites that the juvenile court considered the specific factors in Ala. Code 1975, § 12-15-34(d), in determining whether the transfer motions should be granted. “[A] transfer order containing a mere restatement of the factors set out in the statute is valid.” McKinney v. State, 404 So.2d 639, 640 (Ala.1981).
II.
The juvenile argues that only the entries on the case action summary sheets were contained in the record “at the time of appeal.” The juvenile has filed in this Court a motion to strike both transfer orders, alleging that those orders were not in the juvenile court file of each case when notice of appeal was given on August 6, 1990. Attached to the motion to strike is the affidavit of the juvenile’s appellate counsel attesting to these allegations.
On October 9, 1990, the clerk of the circuit court certified that the record and transcript was “full, true, correct and accurate.” “The certificates of a trial court clerk which certify that instruments and a transcript are true and correct are accepted as the sole and conclusive evidence of the proceedings in the circuit court for purposes of appeal.” Edwards v. State, 287 Ala. 588, 596, 253 So.2d 513, 521 (1971). This rule applies with equal force to juvenile courts.
“Where an appeal is taken the appellant becomes responsible for the record on appeal to the extent of seeing that it is a correct record.” Cantrell v. State, 283 Ala. 225, 226, 215 So.2d 440, 442 (1968), cert. denied, 394 U.S. 950, 89 S.Ct. 1290, 22 L.Ed.2d 485 (1969).
“The appellant has the duty of checking his record before submitting his appeal; it is his burden to file a correct record. An ex parte affidavit of the type submitted here cannot be considered as part of the record upon which the reviewing court must base its decision. An appellate court is bound by the record and such record may not be impeached by affidavits, or otherwise, by matters outside the record.”
Tyus v. State, 347 So.2d 1377, 1380 (Ala.Cr.App.) (citations omitted), cert. denied, 347 So.2d 1384 (Ala.1977).
Rule 10(f), A.R.App.P., provides, in part: “If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be sub *683 mitted to and settled by that court and the record made to conform to the truth.” (Emphasis added.) Here, there was no objection made in juvenile court concerning the accuracy of the record on appeal. Therefore, “this [Cjourt can only conclude that the record on appeal is correct.” Boyd v. State, 542 So.2d 1247, 1259 (Ala.Cr.App.1988), affirmed, 542 So.2d 1276 (Ala.), cert. denied, — U.S.-, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989). The rule is well settled that the accuracy of a record on appeal may not be impeached by the affidavit of appellate counsel filed in the appellate court.
“Blanton v. Blanton, 276 Ala. 681, 166 So.2d 409 (1964), states the rule in this regard:
“ ‘... The longstanding rule of this Court has been that the Supreme Court [and the Court of Criminal Appeals] is remitted to the consideration of the record alone and absolute truth must be imputed to it, and if it is incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment on hearing in the appellate court, by statements in brief, by affidavits, or by other evidence not appearing in the record....’ ”
Clements v. Webster, 425 So.2d 1058, 1061-62 (Ala.1982).
The juvenile’s motion to strike the transfer orders is denied. See Cooper v. State, 276 Ala. 492, 164 So.2d 488, 489, cert. denied, 379 U.S. 853, 85 S.Ct. 102, 13 L.Ed.2d 56 (1964).
The orders of the juvenile court transferring the juvenile to the circuit court for criminal prosecution as an adult are affirmed.
AFFIRMED.
All Judges concur.