CRAWLEY, Judge,
dissenting.
I must respectfully dissent from the majority’s affirmance without opinion. The relevant facts are as follows. In September 1995, the Chilton County Department of Human Resources (DHR) filed a petition in the Chilton County Juvenile Court in the matter of T.W., a minor child. The petition stated:
“The said child is a dependent child in that said child is presently a patient at Children’s Hospital in Birmingham, Alabama; and that said child’s father is unable to exercise the care and supervision of said child; and that the whereabouts of said child’s mother are unknown, and that said child is a multiple needs child in that said child has been diagnosed as mentally retarded with an I.Q. of under 50 as well as diagnosed with a psychosis; and that said child is known to be sexually abusive to other children; and that said child also receives services from special education because of his mental retardation; and that the Department of Human Resources is not requesting custody at this time since said child’s father has agreed to cooperate in placing said child in an appropriate placement; and furthermore that said child was staffed by the Chilton County Multiple Needs Facilitation Team and that a referral has been forwarded to the State Multiple Needs Team for recommendations; and that the recommendation of both the local team and Children’s Hospital is that said child be placed in a group home for the mentally retarded (attached are the minutes from the Chilton County Team). The Department of Human Resources would also let it be known that it has met with difficulty in getting assistance from the Regional and State Department of Mental Health and would request the court to direct the agency to cooperate in locating an appropriate placement for said child; and said child is in need of the care, treatment, rehabilitation and supervision of the State of Alabama.
“The Department of Human Resources further requests that a hearing be set and at said hearing, this court order child support, including medical support, when the parents have resources for child support according to the Code of Alabama, 1975, § 12 — 15—71(i) to be paid in an amount according to Rule 32 of the Alabama Rules of Judicial Administration and to be enforced pursuant to income withholding and any other means as ordered by this Court in Accordance with the Code of Alabama, 1975, §§ 30-3-61, 38-10-30, 12-15-71© (Amended 1990). Said support to be paid to the Chilton County Department of Human Resources.
“Wherefore, the Petitioner prays that the Court appoint a Guardian ad Litem, who is an attorney, to represent the said child and summons issue pursuant to law and rules of the Court to the said child and to the said parents, guardian, or other custodian, and such other persons as appear to the court to be proper or necessary parties to the proceedings, requiring them to appear personally before the Court at the time fixed to answer or testify as to the allegations herein.”
After conducting a hearing of which no transcript is included in the record, the trial court’s order stated:
“This matter having come before the Court this date on hearing of Petition of Dependency and declaring that said child is a multi-need child. Present in the courtroom were Chilton County Department of Human Resources, represented by their attorney, Mr. Bruce Green; Rhonda Har-desty, the Guardian ad Litem for the child; and Elizabeth Hilyer, the Guardian ad Li-tem for the father, [R.G.] and upon the evidence and testimony as presented at said hearing, the Court makes the following findings of fact:
*351 “1. That the biological mother, [L.W.S.] is not present in the courtroom and from the testimony elicited, her whereabouts are unknown.
“2. Said child suffers from mental retardation and from a mental illness, but that from the testimony elicited this date, commitment is not the least restrictive alternative available to the child at this time.
“3. That it is not appropriate or in the best interests of the child to prevent removal from the home and that to return the child to his home at this time would be contrary to the welfare of the child and that removal from his home is presently in the best interests of the child.
“4. That there is no parent and/or other family member willing or able to assume the custody of the child at this time.
“5. That all parties to which this Order applies have actual or constructive notice of these proceedings and because of the emergency nature of these proceedings, the Court finds no further notice is necessary at this time.
“IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:
“1. That [T.W.] is a dependent/multi-need child.
“2. That the joint custody of said child is awarded to the Chilton County Department of Human Resources and the State of Alabama Department of Mental Health and Mental Retardation, pursuant to Section [12-15-71](h)(3), Code of Alabama 1975, as last amended.
“3. That Chilton County Department of Human Resources shall be allowed to make all decisions and recommendations as it concerns the health, safety and well-being of said child, which includes, but is not exclusive of emergency medical care.
“4. That the State of Alabama, Department of Mental Health and Mental Retardation shall be responsible for the placement of said child in a setting which would provide the least restrictive alternative for treatment and maintenance of said child’s conditions.
“5. That the State of Alabama, Board of Education shall provide all educational services for the special education needs of said child.
“6. That the Chilton County Department of Human Resources shall be allowed to take whatever steps are necessary to direct said child’s Social Security Supplemental Income to said agency to assist in paying for the services Ordered.
“7. The Clerk of this Court is directed to serve a copy of this Order on Mr. Emmett Poundstone, Commissioner, Department of Mental Health and Mental Retardation, RSA Building, 100 North Union Street, P.O. Box 301410, Montgomery, AL 36130-1410; Mr. P.L. Corley, Acting Commissioner, State of Alabama, Department of Human Resources, 50 South Ripley St., Gordon Persons Building, Montgomery, AL 36130; and Mr. Ed Richardson, State Department of Education, 50 North Ripley Street, Gordon Persons Building, ■ Montgomery, AL 36130-3901.
“8. This matter is set for review on October 18,1995 at 1:30 p.m. to assure that each agency is providing the Ordered services.
“Done this the 18th day of September, 1995.”
The dispositive issue of the Department of Mental Health and Mental Retardation’s (DMH) appeal is whether the trial court erred in adjudicating T.W. a multiple needs child and ordering DMH to be responsible for the treatment, placement, and maintenance of the child without the County Children’s Services Facilitation Team or the State Children’s Services Facilitation Team developing a services plan for the child.
Ala.Code 1975, § 12-15-1(19), defines a “multiple needs child” and Ala.Code 1975, § 12-15-71(h)(l), sets out the procedures for placement of a “multiple needs child.” Section 12 — 15—71(h)(1) states, in pertinent part, that when evidence is presented to the juvenile court indicating that a child is a “multiple needs child” as defined in § 12-15-1(19), then
“[T]he juvenile court shall refer the child to the county children’s services facilitation team for assessment and recommendations unless a current facilitation team plan is available to the court. Within *352 21 days of receipt of the referral, the county children’s services facilitation team shall present to the court a preliminary plan of services addressing the needs of the child and the respective responsibilities of agencies composing this team. Upon receipt of these preliminary recommendations, the juvenile court may adjudge the child as a ‘multiple needs child’.... ”
(Emphasis added.)
Although the Chilton County DHR alleged in its petition that the County Children’s Services Facilitation team had made recommendations regarding T.W.’s placement and treatment, the record, which consists only of the petition and the order and is set out above in its entirety, includes no evidence of a services plan that was before the trial court when it adjudicated T.W. a multiple needs child. The trial court’s order does not refer to any services plan. I conclude that no such services plan was before the trial court. The reference in the petition regarding the services plan is not uncontested evidence; it is merely an allegation. In its notice of appeal, the appellant designated the “Entire record (less those items set forth in Rule 10(a),” which would include any exhibits. The trial court clerk certified the record, and that certificate is conclusive evidence that the record is complete. L.W.C. v. State, 576 So.2d 681 (Ala.Cr.App.1991).
Section 12-15-71(h)(l) states that the juvenile court “shall” first refer to a services plan developed by the county children’s services facilitation team before it may adjudicate a child to be a multiple needs child. The word “shall” is generally interpreted as imposing a mandatory requirement. Ex parte Brasher, 555 So.2d 192 (Ala.1989). Therefore, § 12-15 — 71(h)(1) makes it mandatory for the juvenile court to refer the child to the county children’s services facilitation team for assessment and recommendations.
In all cases dealing with the placement of a minor, the trial court’s duty is to protect the minor’s interest. Ex parte Buck, 291 Ala. 689, 287 So.2d 441 (1973). Although I agree with the principle that an appellant has the burden of insuring that the record on appeal contains sufficient evidence to warrant reversal, that principle does not apply in this case because the appellant argues that there was no evidence of the services plan to include in the record. Because the trial court’s order does not refer to a services plan and the appellant designated the entire record, that is sufficient for this court to invoke its duty to see that the juvenile court fully followed all statutory requirements before this court reaches a decision. The guardian ad litem for the child did not file a brief on appeal. Therefore, it is necessary that a simple determination be made as to whether or not such referral was made. “It is equally well settled in this State that in proceedings involving the custody of children, mere legal niceties are not favored in proceedings or pleadings, and the court is not bound by any strict rules of pleading, or procedure.” Hardy v. Hardy, 250 Ala. 297, 299, 34 So.2d 212, 213 (1948).
I would instruct the appellant to forthwith obtain and file a transcript or comply with Rule 10(d) or (e), Ala.R.App.P., before this court issues its decision.