The appellant, Justin Wayne Wood, was convicted of unlawful breaking and entering of a vehicle, a violation of §13A-8-11(b), Ala. Code 1975. He was sentenced as a habitual felon to 48 years' imprisonment. The appellant raises one issue through his appointed counsel and one issue in his pro se brief.[1]
 I.
The appellant's counsel contends that the trial court erred by failing to grant a mistrial on the ground that the appellant was prejudiced when the trial court required the appellant to be restrained with handcuffs and *Page 966 
shackles throughout the trial. No motion for a mistrial with regard to this issue was made at trial. The appellant, who represented himself at trial, did, however, on several occasions during the proceedings object to being handcuffed.
Addressing the merits of the appellant's objection, we find no abuse of discretion by the trial court in directing that the appellant be restrained with handcuffs and shackles. The trial court had good reason to order the restraint. The record reflects that the appellant was exceedingly obstreperous and belligerent throughout the proceedings, both before and after the restraints were applied, refusing on numerous occasions to heed the trial judge's orders, improperly approaching witnesses on the stand, using abusive language and directing threatening remarks toward court officials, shoving a sheriff's deputy during a recess in the proceedings, and, on another occasion, charging toward the sheriff before he was wrestled to the ground and brought under control by several law enforcement officers. It appears that the trial judge witnessed part of this altercation. The record also reflects that the appellant is 6-feet, 3-inches tall and weighs 240 pounds, and that his prior felony convictions include convictions for robbery and assault.
The altercation involving the sheriff took place during a noon recess, before the jury was struck, and led directly to the appellant's being handcuffed and shackled. When the proceedings resumed after the recess, the trial court made the following comments outside the presence of the jury venire:
 "For the record, during the recess an altercation broke out in jury room C between the defendant and the jailer. Several deputies and the Sheriff were summoned to bring the defendant under control. As a result, it's the Court's order that the defendant remain shackled and cuffed during trial. After the members of the Sheriff's Department had brought the matter under control, the Court directed that the defendant be tested for the presence of drugs, narcotics in his system, at which time the defendant refused and, Mr. Wood, if there's an outburst, I'll have your mouth taped with duct tape."
(R. 11-12.)
Two days into the trial, the appellant requested that the trial court enter into the record the details of the incident that led to his being handcuffed and shackled. The court then heard testimony on the matter from various witnesses, including the appellant and the law enforcement officers involved. After this hearing, the trial court stated as follows:
 "The Court has heard the testimony in this case; the Court has observed the witness in this case since day before yesterday during the time we've been in the courtroom; during the times that the defendant's been moved from the courtroom to a holding room, the Court has observed defendant being very belligerent; the defendant's been belligerent to the Court, the defendant's been belligerent to the officers of the Court, the defendant's been belligerent to the law enforcement personnel, and based on the evidence and based on the Court's personal observations, the Court feels that it is necessary that the defendant continue to be handcuffed and shackled, not only for the protection of the court participants, including the jury, witnesses, court reporter, attorneys, members of law enforcement, but also for the witness's own safety. So it's the Court's order based on the testimony and the Court's observations in this case that the defendant continue to be shackled and handcuffed."
(R. 287.)
" 'Every court has power to preserve and enforce order in its immediate presence; to prevent interruption, disturbance, or hindrance to its proceedings; and to control all persons connected with a judicial proceeding before it.' " Thomas v.State, 555 So.2d 1183, 1184-85 (Ala.Cr.App. 1989), quoting Clarkv. State, 280 Ala. 493, 497, 195 So.2d 786 (1967), appeal dismissed, cert. denied, 387 U.S. 571, 87 S.Ct. 2071,18 L.Ed.2d 967 (1967). " 'While recognizing that an accused generally has a right to be tried without being subjected to physical restraints, and that this right has been embodied in various constitutional and statutory guaranties, *Page 967 
the courts have also recognized that this right is subject to exception, especially on such grounds as the need to prevent (1) the accused's escape, or (2) the accused's resort to violence, or (3) the accused's disruption of the trial.' "Thomas, 555 So.2d at 1185, quoting Annot., 90 A.L.R.3d 17, 23 (1979).
 "Apparently the trial court felt that he was presiding over the trial of a desperado and that the better part of wisdom dictated that preventive measures were in order. He was there — we were not, and we do not think that the 'sound and enlightened discretion' vested in him should be disturbed by this court."
Martin v. State, 51 Ala. App. 405, 286 So.2d 80, 84 (1973). We find no abuse of discretion in the trial court's ruling.
 II.
In his pro se brief, the appellant contends that he was denied the right to be present at what he says was an in camera
meeting — allegedly attended by the trial judge, the district attorney, and the law enforcement officers involved in the scuffle with the appellant — where the trial court purportedly heard evidence that formed the basis of its decision to order that he be handcuffed and shackled. The appellant argues that this meeting was a critical stage of the trial and that he had a right to be present and to confront the witnesses against him. It does not appear that the appellant ever specifically argued to the trial court that he was denied his right to be present at such a meeting, although the hearing on the appellant's motion for a new trial indicates that the appellant had at some point asserted that there had been a "conference concerning courtroom security" at which he was not present. The prosecutor argued at the hearing on the motion for a new trial that no such meeting had taken place and that the appellant had been present for any discussions that concerned the need to handcuff and shackle him. The record does not conclusively answer the question whether the in camera meeting occurred, although at the hearing on the appellant's motion for a new trial, the trial court stated that the basis for its order that the appellant was to be handcuffed and shackled was "a part of the record." We might reasonably construe this to be a finding by the trial court that the alleged in camera meeting did not take place.
In any event, the appellant has not demonstrated how he was prejudiced by his absence from such a meeting or how his presence at the meeting might have changed the results of the entire proceedings. As noted above, after the trial began, the trial court held a hearing on the record to take testimony from everyone involved in the altercation that had led to the court's order that the appellant be handcuffed and shackled. At this hearing, the appellant had every opportunity to confront the witnesses against him. After the hearing, the trial court reaffirmed its previous ruling and ordered that the appellant was to remain handcuffed and shackled. The appellant has not demonstrated a basis for reversal on this ground.
For the reasons stated, the trial court's judgment is affirmed.
AFFIRMED.
All the Judges concur.
[1] After the appellant's appointed counsel filed his brief with the court, the appellant requested permission to file a pro se supplemental brief if counsel did not file one. See Rule 31(a), Ala.R.App.P. "When a party is represented by counsel, the clerk may not accept a brief from that party." This court granted the request and the appellant filed a pro se brief. This court then directed counsel to file a brief addressing the appellant's pro se issues. Counsel did not file any further briefs and the appeal was submitted on counsel's original brief and the appellant's pro se supplemental brief.