BROWN, Judge.
The appellant, Justin Wayne Wood, was convicted of unlawfully breaking and entering a vehicle. He was sentenced as a habitual felony offender to 48 years’ imprisonment. The appellant’s conviction was affirmed on appeal. Wood v. State, 699 So.2d 965 (Ala.Cr.App.1997). He then filed a post-conviction petition pursuant to Rule 32, Ala.R.Crim.P., which was summarily dismissed by the circuit court. This appeal follows.
The appellant claims that the circuit judge erred in denying his motion asking him to recuse himself from the post-conviction proceedings. This claim is not properly before this court because “[a] [petition for] writ of mandamus is the appropriate vehicle by which to review a [circuit] court’s ruling on a motion for re-cusal” made during post-conviction proceedings. See Ex parte Knotts, 716 So.2d 262, 263 (Ala.Cr.App.1998), and the cases cited therein.
The appellant next argues that he should have been allowed to amend his petition. The record shows that the circuit court entered its order dismissing the petition on June 29, 1998 (C.R.93), and that the appellant filed his motion to amend on July 6, 1998. (C.R.94-107.) Thus, the amendment was not timely filed.
The appellant further contends that the circuit court erred in dismissing his petition because, he says, the order dismissing the petition, in which the circuit court adopted the state’s response to the appellant’s petition, did not adequately address the merits of the petition. Upon examining the appellant’s petition, we conclude that all the claims presented in the petition, with the exception of the appellant’s claim alleging ineffective assistance of appellate counsel, were precluded. The appellant properly raised his claims of ineffective assistance of appellate counsel in his Rule 32 petition because that was his first opportunity to present the claims to the trial court. Alderman v. State, 647 So.2d 28 (Ala.Cr.App.1994). Such claims must be considered and addressed by the trial court before they can be reviewed by this Court. Brown v. State, 681 So.2d 1102 (Ala.Cr.App.1996). The trial court, in its findings, made no mention of the appellant’s claims of ineffective assistance of appellate counsel.
Therefore, this cause is remanded to the trial court with directions for that court to address the merits of the appellant’s claim of ineffective assistance of appellate counsel. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. Should the trial court deny the appellant’s claim, the trial court should state its reasons for so doing in a written order. If the court finds it necessary to hold an evidentiary hearing, the court should make specific findings of fact as required by Rule 32.9, Ala.R.Crim.P. Due return should be made with this Court no later than 42 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS. *
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

 Note from the reporter of decisions: On March 26, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.